**AFFIRM; and Opinion Filed June 15, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01078-CV

### IN RE JEREMY LIEBBE

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-01702**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Brown

Jeremy Liebbe petitioned the trial court for an order authorizing presuit depositions of six current or former employees of the Dallas Independent School District (DISD) and DISD's outside counsel to enable him to determine if he had a cause of action against DISD under the Texas Whistleblower Act. In response, DISD and the individuals asserted that the court lacked subject matter jurisdiction over the requested discovery. The trial court denied Liebbe's petition. In this appeal, Liebbe contends the trial court erred because he presented sufficient evidence to raise a fact issue about the court's jurisdiction over his potential claim. For reasons that follow, we affirm the trial court's order.

According to his petition, in 2014, Liebbe worked for DISD as the manager of its Professional Standards Office. He reported directly to Tonya Grayson, the Executive Director of Human Capital Management. On July 15, 2014, Liebbe learned Grayson had failed to disclose

her criminal history on her DISD job application. Grayson's nondisclosure was in violation of a DISD policy, which provided:

> An applicant may not be employed by the District if he or she fails to disclose on the employment application—or when questioned regarding criminal convictions—any criminal conviction, crime or deferred adjudication (or similar type of decree); or misrepresents any information regarding any such conviction, crime, or deferred adjudication (or similar type of decree).

The next day, Liebbe contacted Freddie Jackson, a DISD employee who provided transportation for DISD Superintendent Mike Miles. Liebbe told Jackson what he had learned about Grayson and told him he needed to speak to Miles to give him the opportunity to take corrective action. Jackson agreed to contact Miles and arrange a meeting between Miles and Liebbe. That evening, Jackson informed Liebbe in a text message that he was waiting for a "return message."

The next morning, Grayson was late to a meeting with her subordinates. She explained she had been on the phone with Miles and Carmen Darville, who was DISD's Chief of Human Capital Management and Grayson's supervisor, about a situation that would involve Liebbe. Grayson postponed the meeting to meet with Miles and Darville. Liebbe texted Jackson to inform him that his meeting had been cancelled and he was on his way back to his office. Jackson replied that he was "with the super now" and would talk to Liebbe later. When Liebbe arrived at the rescheduled meeting later that morning, he was informed he needed to leave immediately and see Darville in her office. Darville gave Liebbe a letter informing him he was being placed on administrative leave. Liebbe was not given a reason for DISD's action.

On August 26, 2014, Liebbe filed a written complaint with the Texas Education Agency reporting potential violations of the education code, the penal code, and the administrative code he discovered while investigating Grayson's failure to disclose her criminal history. On September 3, 2014, Liebbe filed a similar complaint with the DISD Board of Trustees. Two days later, Darville's assistant contacted Liebbe and told him to report to Darville's office.

–2–

When Liebbe arrived at the district office, a DISD police sergeant escorted him to Darville's office. Darville gave Liebbe a letter notifying him that his employment with DISD was being terminated immediately because a recent investigation had substantiated allegations that he acted outside the scope of his role as manager of the Professional Standards Office.

In February 2015, Liebbe filed a verified petition to take presuit depositions to investigate a potential claim. Liebbe sought to take the depositions of Miles, Darville, Grayson, and Jackson, as well as DISD's Chief of Police, general counsel, and outside counsel. The petition stated that Liebbe suspected he was placed on administrative leave because of his attempt to report to Miles Grayson's failure to disclose her criminal history. Liebbe also suspected he was terminated because he filed a written complaint with the Texas Education Agency and/or because he filed a written complaint with the DISD Board of Trustees. Liebbe did not have sufficient evidentiary support for these allegations and sought the depositions to determine if he had a cause of action against DISD under the Texas Whistleblower Act.

DISD and the seven individuals whose depositions Liebbe sought to take objected to Liebbe's petition. Among other things, they asserted that the court lacked subject matter jurisdiction to order the requested discovery because Liebbe failed to plead facts sufficient to establish a waiver of DISD's immunity from suit. After a hearing, an associate judge denied Liebbe's petition for presuit discovery. The order stated Liebbe had not established a basis for concluding his potential whistleblower claim would not be barred by governmental immunity. Liebbe appealed the associate judge's order to the trial court. After a de novo hearing, the trial court affirmed and adopted the associate judge's order denying Liebbe's petition to take depositions before suit. This appeal followed. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (presuit deposition orders are appealable only if sought from someone against whom suit is not anticipated).

Under rule of civil procedure 202, a person may petition the court for an order authorizing the taking of a deposition to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(b). However, a party generally "cannot obtain by Rule 202 what it would be denied in the anticipated action." *In re DePinho*, No. 15-0294, 2016 WL 2979797, at *2 (Tex. May 20, 2016) (quoting *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011)). Thus, for a party to properly obtain rule 202 presuit discovery, the court must have subject matter jurisdiction over the anticipated action. *Id.*

Liebbe's petition sought discovery to investigate a potential claim against DISD under the Texas Whistleblower Act. The whistleblower act protects a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. TEX. GOV'T CODE ANN. § 554.002(a) (West 2012). In general, school districts are immune from suit and liability unless the legislature expressly waives governmental immunity. *Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 185–86 (Tex. App.—Dallas 2012, pet. denied). The whistleblower act waives governmental immunity when a public employee properly alleges a violation of the act. TEX. GOV'T CODE ANN. § 554.035 (West 2012); *State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009). Thus, the elements of a whistleblower claim are jurisdictional when necessary to ascertain whether a plaintiff has adequately alleged a violation of the act. *Leuck*, 290 S.W.3d at 884. Whether a trial court has subject matter jurisdiction is a question of law. *Mullins*, 357 S.W.3d at 185. We review de novo whether a plaintiff has set forth facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Id.*

Liebbe maintains he properly alleged a violation of the act and thus established that the trial court had subject matter jurisdiction because he had a good faith belief (1) that Grayson's failure to disclose her criminal history was a violation of law and (2) that Superintendent Miles

was an appropriate law enforcement authority. We begin with the issue of whether Superintendent Miles was an appropriate law enforcement authority. For purposes of this discussion, we will assume without deciding that Liebbe reported a violation of law.

Under the act, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local government or of the federal government that the employee in good faith believes is authorized to (1) regulate under or enforce the law alleged to be violated in the report, or (2) investigate or prosecute a violation of criminal law. TEX. GOV'T CODE ANN. § 554.002(b). To be in good faith, an employee's belief about the authority's powers must be reasonable in light of the employee's training and experience. *McMillen v. Tex. Health & Human Servs. Comm'n*, 485 S.W.3d 427, 429 (Tex. 2016). An authority's power to discipline its own or investigate internally does not support a good faith belief that the authority is an appropriate law enforcement authority. *Id.* The authority must instead have outward-looking powers. *Id.* at 429–30 (appropriate authority can include someone within same agency as whistleblower as long as that person has outward looking law enforcement authority); *Pulkrabek v. Univ. of Tex. Sw. Med. Ctr.*, No. 05-14-01341-CV, 2016 WL 3004476, at *2 (Tex. App.—Dallas May 25, 2016, no pet. h.) (mem. op.). For an entity to constitute an appropriate law enforcement authority under the act, it must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties. *University of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013).

Liebbe argues that Miles was an appropriate law enforcement authority because he was authorized to enforce the law alleged to be violated by Grayson and did so by terminating her. This case is similar to *Ortiz v. Plano Independent School District*, No. 02-13-00160-CV, 2014 WL 24227 (Tex. App.—Fort Worth Jan. 2, 2014, pet. denied) (mem. op.). In that case, school

teacher Ortiz filed a grievance with the school board against the district's human resources director, alleging the director violated provisions of the district's Employee Standards of Conduct. *Id.* at *1. Ortiz sued the district under the whistleblower act after she was placed on administrative leave. *Id.* The trial court granted the district's plea to the jurisdiction. *Id.* Similar to Liebbe, Ortiz argued on appeal that the trial court had jurisdiction because the school board had the power to enforce the standards of conduct. *Id.* at *2. The court of appeals disagreed because there was no evidence to show Ortiz had a good faith belief that the board had authority to enforce the standards of conduct against third parties outside the district or to promulgate regulations that would govern the conduct of such third parties. *Id.* The same is true in this case. Liebbe stated in his petition and accompanying affidavit that his intent in seeking to inform Miles of Grayson's nondisclosure was to give Miles the chance to take corrective action. There is no evidence that Liebbe believed Superintendent Miles had authority to enforce the district policy outside the school district. *See id.*; *see also Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 655 (Tex. 2013) (school district employee who complained to district officials about alleged financial improprieties that violated education code and state constitution did not complain to law enforcement authority under whistleblower act); *University of Houston v. Barth*, 403 S.W.3d 851, 857–58 (Tex. 2013) (university professor did not report alleged penal code violations to anyone who could have investigated or prosecuted violations outside the university). Miles's authority to regulate conduct within DISD is insufficient to confer law enforcement authority status. *See Gentilello*, 398 S.W.3d at 686. As the supreme court stated in *Gentilello*, to hold otherwise "would transform every governmental entity that is subject to any regulation or that conducts internal investigations or imposes internal discipline into law enforcement authorities under the Act." *Id.*

Because Liebbe did not establish that Miles was an appropriate law enforcement authority, he did not properly allege a violation of the whistleblower act. Accordingly, DISD's governmental immunity was not waived under the act, and the trial court lacked subject matter jurisdiction. The trial court properly denied Liebbe's petition for presuit discovery. In light of this conclusion, we need not reach Liebbe's argument that he also had a good faith belief Grayson had violated a law. We overrule his sole issue.

We affirm the trial court's order.

/Ada Brown/

ADA BROWN
JUSTICE

151078F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE JEREMY LIEBBE

No. 05-15-01078-CV

On Appeal from the 162nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. DC-15-01702.

Opinion delivered by Justice Brown, Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees recover their costs of this appeal from appellant Jeremy Liebbe.

Judgment entered this 15th day of June, 2016.