**In re John DOES 1 and 2, Relators.**

No. 10–0366.

Supreme Court of Texas.

April 15, 2011.

Jeffrey Lee Dorrell, Escamilla, Poneck & Cruz, LLP, Houston, for John Does 1 and 2.

John Stephen Morgan, Harris, Duesler and Hatfield, L.L.P., Beaumont, TX, for Real Party in Interest PRK Enterprises, et al.

Dennis M. Lynch, Figari & Davenport, L.L.P., Dallas, TX, for Real Party in Interest—Google, Inc.

PER CURIAM.

■ In this mandamus proceeding we hold that a court may not order pre-suit discovery by agreement of the witness over the objections of other interested parties without making the findings required by Rule 202.4(a) of the Texas Rules of Civil Procedure.

Philip R. Klein owns PRK Enterprises, Inc. and Klein Investments, Inc. The two corporations (collectively "PRK") operate or have operated a blog called The Southeast Texas Political Review. Two anonymous bloggers called Operation Kleinwatch and Sam the Eagle Weblog (collectively "relators") have criticized Klein extensively. Relators subscribe to Blogger.com, a subsidiary of Google, Inc. (collectively "Google"), which hosts them on the Internet. PRK petitioned the district court under Rule 202 to order discovery from Google of relators' identities in anticipation of a lawsuit by Klein and PRK against relators for copyright law violations, defamation, and invasion of privacy. The alleged bases for such causes of action are contained in the following five sentences of the petition:

> [Relators] have been engaged in a pattern of libel and defamation per se, invasion of privacy, and use of copyrighted images (both facial and voice image), without permission. The purpose of these websites are to disparage, harass and cause injury to [PRK], as well as to [Klein] personally. These websites host significant, false information, and invade the privacy of [PRK]

throughout the website. For example, without limitation, the website Operation Klein Watch, contains false information on legal proceedings that do not involve either [Klein] individually or [PRK], falsely represent that judgments have been taken against [PRK] and/or [Klein] individually, falsely identify a bankruptcy proceeding, also identify lawsuits that do not involve [PRK] and/or [Klein] individually.˙ Additionally, this website identifies all members of [Klein's] family, for no apparent purpose other than to invade their privacy.

Klein did not join in the petition. The petition named Google and relators as defendants.

After being served, Google agreed with PRK that it would respond to a subpoena duces tecum.[1] Accordingly, PRK did not ask for a hearing on the petition. Federal law generally prohibits a "cable operator" like Google from disclosing a subscriber's personally identifiable information without its consent. 47 U.S.C. § 551(c)(1). But there is an exception if disclosure is ordered by a court with notice to the subscriber. *Id.* § 551(c)(2)(B). Google gave relators notice of its receipt of the subpoena.[2]

Relators moved to quash the subpoena, arguing that the petition's allegations were insufficient to show that PRK had a cause of action against relators, and that their identities are constitutionally protected from disclosure. PRK responded, arguing that the information sought was not constitutionally protected, and moved to compel discovery. PRK argued that to obtain the requested discovery, it should not be required to do more than assert a cause of action. PRK's motion was no more specific than their petition with respect to the bases for claims against relators. After a brief hearing, at which relators did not appear, the trial court denied relators' motions and granted PRK's. The court of appeals denied mandamus relief.

■ Relators argue that the trial court abused its discretion by failing to comply with Rule 202. Rule 202.4(a), "Required Findings," states:

The court must order a deposition to be taken if, but only if, it finds that:

(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or

(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

Tex.R. Civ. P. 202.4(a). The trial court did not make either of these findings.

---

1. The subpoena duces tecum commanded production of documents described as follows:

"1. Any and all identifiers, user account IP addresses, user access Email Addresses, user entry logs, user posting logs, registered user information, account access IP addresses and/or any identifying descriptors for the following blogspots for the previous year:
a) http://samtheeagleusa.blogspot.com/
b) http://operationkleinwatch.blogspot.com/
c) http://www.notthisonetoojacques.blogspot.com/

"2. To identify all parties, persons, or entities responsible for the website http:// operationkleinwatch.blogspot.com and http://samtheeagleusa.blogspot.com.

"3. Identify all persons, parties or entities who provide contributions of money or literary substance to these websites.

"4. Identify all persons, parties or entities who posted comments on these websites and/or have provided financial support to these websites.

"5. Identify all persons, parties or entities who are in any way affiliated with, or connected with in any capacity, these websites."

2. We do not address whether Google complied with the federal statute.

PRK argues that compliance with Rule 202 was excused because of its agreement with Google. It is true that "[e]xcept where specifically prohibited, the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit by agreement of the parties...." TEX.R. CIV. P. 191.1. But PRK and Google were not the only parties to the proceeding. Rule 202.3(a) requires that "all persons petitioner expects to have interests adverse to petitioner's in the anticipated suit" be served with the petition and given notice of hearing. TEX.R. CIV. P. 202.3(a). PRK asserted that relators would be defendants in the anticipated lawsuit, and by their motions to quash, relators made an appearance in the proceeding. PRK and Google could not modify the procedures prescribed by Rule 202 by an agreement that did not include relators.

■ Nor can the required findings be implied in support of the trial court's order compelling discovery. For one thing, PRK made no effort to present the trial court with a basis for the findings. Not only are the allegations in its petition and motion to compel sketchy, they mostly concern possible causes of action by Klein, who is not a party to the proceeding. To justify noncompliance with the requirements of Rule 202, PRK relies entirely on its agreement with Google. More importantly, however, Rule 202 expressly requires that discovery may be ordered "only if" the required findings are made. The rule does not permit the findings to be implied from support in the record. The intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly. One noted commentator, Professor Lonny Hoffman, has observed that there is "cause for concern about insufficient judicial attention to petitions to take presuit discovery" and that "judges should maintain an active oversight role to ensure that [such discovery is] not misused". *Access to Information, Access to Justice: The Rule of Presuit Investigatory Discovery*, 40 U. MICH. J.L. REFORM 217, 273–74 (2007). We agree.

The trial court clearly abused its discretion in failing to follow Rule 202. Rule 202.5 provides that use of a deposition may be restricted or prohibited "to prevent abuse of this rule", but that remedy for noncompliance affords relators no relief from their complaint that their identities not be disclosed. Thus, relators are entitled to mandamus relief. *In re Jorden*, 249 S.W.3d 416, 420 (Tex.2008) (orig. proceeding) (party to Rule 202 proceeding has no adequate remedy on appeal if court abused its discretion in ordering discovery that would comprise procedural or substantive rights).

The trial court is directed to vacate its order dated January 29, 2010, and to grant relators' motions to quash. We are confident that the trial court will promptly comply, and the writ will issue only if it fails to do so.