**In re Michael WOLFE, Relator.**

No. 10–0294.

Supreme Court of Texas.

June 10, 2011.

Robert C. E. Wolfe, David L. Elmers, Houston, for Michael Wolfe.

David M. Feldman, Richard Alan Morris, Jonathan Griffin Brush, Houston, for Harris County Department of Education.

PER CURIAM.

"Individual citizens . . . have no right to maintain an ouster suit without being joined by a proper state official." *Garcia v. Laughlin*, 155 Tex. 261, 285 S.W.2d 191, 194 (1955) (orig.proceeding) (writ denied on other grounds). The question in this mandamus proceeding is whether, without joinder of a proper state official, individual citizens may obtain pre-suit discovery under Rule 202, Tex.R. Civ. P., to investigate grounds for removal of a county official. We answer no and conditionally grant relief.

The Harris County Department of Education and four of its seven trustees, Angie Chestnut, Roy Morales, Jim Henley, and Debra Kerner (collectively, the Department), petitioned the district court under Rule 202 to order the deposition of another trustee, Michael Wolfe, in order to investigate suspected wrongdoing that might lead to a removal suit. The Department asserted that "[t]he substance of the testimony [it] expect[ed] to elicit . . . include[d] the reasons why, if any, Wolfe has failed to attend numerous meetings" and whether he "claim[ed] a homestead exemption to which he was not entitled . . . ." Wolfe responded that the Department was "angry" with him "because he has not voted to increase the tax rate . . . and he has actively support[ed] certain candidates running against [other trustees] and he himself ran political campaigns against . . . Chestnut." Wolfe contended that only the county attorney had standing to seek discovery that might lead to his ouster because by statute, "[t]he county attorney shall represent the state in a proceeding for the removal of [a county] officer" other than himself or the district attorney. Tex. Loc. Gov't Code § 87.018(d). The trial court granted the petition and ordered Wolfe's deposition. The court of appeals denied Wolfe's petition for mandamus.

A "county officer[ ] may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law . . . ." Tex. Const. art. V, § 24. A removal proceeding "is begun by filing a written petition . . . in a district court . . . ." Tex. Loc. Gov't Code § 87.015(a). "Any resident of this state who has lived for at least six months in the county in which the petition is to be filed and who is not currently under indictment in the county may file the petition." *Id.* § 87.015(b). But "[i]ndividual citizens have no private interest [in ouster] distinguishable from the public as a whole . . . ." *Garcia*, 285 S.W.2d at 194. Rather, "[t]he remedy of ouster is one which belongs to the state, in its sovereign capacity, to protect the interests of the people as a whole and guard the public welfare . . . ." *State ex rel. Dishman v. Gary*, 163 Tex. 565, 359 S.W.2d 456, 458 (1962) (internal quotation marks omitted). Without joinder of the proper state official, the court does not have "jurisdiction to hear and determine the cause . . . ." *Garcia*, 285 S.W.2d at 194.

The State, the proper party to prosecute the ouster action against Wolfe that the Department allegedly anticipates, would be represented by the county attorney. Tex.

Loc. Gov't Code § 87.018(d). The county attorney did not join the Department in petitioning for pre-suit discovery. The Department argues that the county attorney's joinder is not required because a Rule 202 proceeding is not a removal proceeding. But pre-suit discovery "is not an end within itself"; rather, it "is in aid of a suit which is anticipated" and "ancillary to the anticipated suit." *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex.1965). To prevent an end-run around discovery limitations that would govern the anticipated suit, Rule 202 restricts discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." Tex.R. Civ. P. 202.5. In an ouster action, prosecuted in the State's name, the county attorney would control discovery from the official sought to be removed. The Department cannot obtain by Rule 202 what it would be denied in the anticipated action.

Rule 202 is not a license for forced interrogations. Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. The trial court here clearly abused its discretion in ordering Wolfe to testify regarding grounds for his removal from office without the request of the county attorney who must prosecute an ouster action for the State. An improper order under Rule 202 may be set aside by mandamus. *In re Jorden*, 249 S.W.3d 416, 420 (Tex.2008). Accordingly, we grant Wolfe's petition, and without hearing oral argument, Tex.R.App. P. 52.8(c), direct the trial court to vacate its order signed March 26, 2010, and dismiss this proceeding. We are confident the trial court will promptly comply, and our writ will issue only if it fails to do so.

Justice MEDINA and Justice GUZMAN did not participate in the decision.