Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## OPINION

No. 04-12-00426-CV

**IN RE** Allan J. **CHERNOV**, M.D.

Original Mandamus Proceeding[1]

Opinion by:      Marialyn Barnard, Justice

Sitting:          Rebecca Simmons, Justice
                 Steven C. Hilbig, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On July 17, 2012, relator Allan J. Chernov, M.D. filed a petition for writ of mandamus, complaining of the trial court's June 28, 2012 order granting the petition of David S. Mora, O.D., Ph.D. to take the deposition of Chernov pursuant to Texas Rules of Civil Procedure Rule 202. *See* TEX. R. CIV. P. 202.1, et seq.  Chernov contends the trial court erred in ordering the presuit deposition under Rule 202 because: (1) the deposition relates to confidential peer review communication that is privileged; and (2) the order fails to make the required findings under Rule 202.4.  *See* TEX. R. CIV. P. 202.4(a).

Rule 202.4(a) provides that "[t]he court must order a deposition to be taken if, but only if, it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or

---

[1] This proceeding arises out of Cause No. 2012-CVQ-00221D3, *In re: Petition of David S. Mora, O.D., Ph.D. Requesting A Deposition of Allan Chernov, M.D.*, pending in the 341st Judicial District Court, Webb County, Texas, the Honorable Elma Teresa Salinas Ender presiding.

delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *Id.* Both parties acknowledge the order presented to and signed by the trial court failed to include the necessary findings. However, Mora contends the findings may be implied. We disagree. The Texas Supreme Court in *In re Does* expressly found that Rule 202.4 does not allow the findings to be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding). We conclude the trial court clearly abused its discretion in failing to make the required findings under Rule 202.4.[2]

Furthermore, we conclude Chernov lacks an adequate remedy by appeal and is entitled to mandamus relief. *See id.* (relying on *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding) (holding a party to a Rule 202 proceeding has no adequate remedy by appeal if the trial court abused its discretion in ordering discovery that would compromise procedural or substantive rights)).

## CONCLUSION

Accordingly, we conditionally grant the petition for writ of mandamus in part. The trial court is ordered to withdraw the June 28, 2012 order granting the petition of David S. Mora, O.D., Ph.D. to take the deposition of Chernov pursuant to Texas Rules of Civil Procedure Rule 202. The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice

---

[2] Because we have found the order granting the deposition invalid, we do not reach the merits of Chernov's argument that the deposition relates to confidential peer review communication that is privileged.