**Writ Conditionally Granted, Appeal Dismissed, Majority and Concurring Memorandum Opinions filed May 7, 2015.**



In The

# Fourteenth Court of Appeals

---

NO. 14-14-00019-CV
NO. 14-14-00042-CV

---

**IN RE VALERUS COMPRESSION SERVICES, LP, VALERUS COMPRESSION SERVICES MANAGEMENT LLC, TPG CAPITAL LLC, TPG V VE, LP, TPG VI VE, LP, AND SCOTT MAGZEN, Relators**

**VALERUS COMPRESSION SERVICES, LP, VALERUS COMPRESSION SERVICES MANAGEMENT LLC, TPG CAPITAL LLC, TPG V VE, LP TPG VI VE, LP, AND SCOTT MAGZEN, Appellants**

**V.**

**JAMES J. WOODCOCK, C&J INDUSTRIES, INC., DEFINED BENEFIT TRUST, AND OTHERS SIMILARLY SITUATED, Appellees**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2013-69580**

---

# CONCURRING MEMORANDUM OPINION

The Majority concludes that the trial court erred in failing to rule on Relator's motion to compel arbitration prior to ruling on Real Parties' Rule 202 Petition. I agree solely because our decision, *In re Bill Heard Chevrolet, Ltd.*, No. 14-05-00744-CV, 2005 WL 2787468, at *1 (Tex. App.—Houston [14th Dist.] Oct. 27, 2005, orig. proceeding) (per curiam, mem. op.), is indistinguishable from the case presently before the court. In *In re Bill Heard Chevrolet*, a Rule 202 action, we held the trial court erred in deferring a motion to compel arbitration. Here, we must hold the same.

However, I write separately to urge that we reconsider our *In re Bill Heard Chevrolet* decision. Specifically, as outlined fully below, we held that a trial court abuses its discretion to defer ruling on a motion to compel arbitration pending in the context of a Rule 202 proceeding. However, a Rule 202 trial court does not have jurisdiction to rule on a motion to compel arbitration. As such, in both this case and *In re Bill Heard Chevrolet*,[1] we have ordered the trial court to do that which it does not have jurisdiction to do.

---

[1] Our holding in *In re Bill Heard Chevrolet* was based on an opinion from our sister court. *See* 2005 WL 2787468, at *1 (citing *In re MHI P'ship., Ltd.*, 7 S.W.3d 918, 923 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding), for the proposition that a "trial court has no discretion to delay the decision on the merits of arbitrability until after discovery"). But *In re MHI Partnership* was not a Rule 202 proceeding; instead, it was a *suit* for breach of contract, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act. *See* 7 S.W.3d at 920. The defendants, relators in the mandamus proceeding, moved to compel arbitration and stay the litigation, but the trial court ordered that the motion to compel should be abated and no ruling made on it until after discovery in the case was completed. *Id.* In granting mandamus relief, our sister court determined that delaying a decision on the merits of arbitrability until after discovery in the *case* was completed "substantially defeats the policy" behind the Texas Arbitration Act. *Id.* at 922–23. Thus, this case stands for the proposition that, once a suit is filed, a trial court must not delay arbitration in a lawsuit until discovery is complete. *See id.* Thus, this case appears to have no bearing on a Rule 202 pre-suit discovery proceeding.

A Rule 202 proceeding "is not a separate independent lawsuit, but is in aid of and incident to an anticipated suit." *See Lee v. GST Transp. Sys., LP*, 334 S.W.3d 16, 19 (Tex. App.—Dallas 2008, pet. denied); *see also Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied); *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp*, 391 S.W.2d 404, 406 (Tex. 1965) (interpreting predecessor rule and holding that "[i]t is well settled that the taking of depositions is not an end within itself but is in aid of a suit which is anticipated"). In a Rule 202 proceeding, the trial court does not adjudicate claims or defenses to final judgment.[2] *See In re Hewlett Packard*, 212 S.W.3d 356, 363 (Tex. App.—Austin 2006, orig. proceeding). It is a unique proceeding.[3] Because a Rule 202 proceeding is not an independent lawsuit, a trial court does not have jurisdiction to consider a motion to compel arbitration of the claims subject to investigation. *See Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 572 (Tex. App.—Dallas 2011, orig. proceeding); *In re Sw. Sec., Inc.*, No. 05-99-1836-CV, 2000 WL 770117, at *2 (Tex. App.—Dallas June 14, 2000, orig. proceeding) (not designated for publication).

I do not propose, however, that a Rule 202 petitioner may circumvent an enforceable arbitration agreement. Instead, I suggest that a trial court follow the plain language of Rule 202 and consider the motion to compel arbitration as part of

---

[2] Although most Rule 202 orders are not final, appealable orders, those entered against third parties against whom suit is not contemplated are considered final and appealable. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008).

[3] A Rule 202 petition for pre-suit discovery is so distinct from a traditional lawsuit that the majority of Texas courts to consider the question hold that a Rule 202 proceeding may not be removed to federal court. *See, e.g.*, *Texas v. Real Parties in Interest*, 259 F.3d 387, 394 (5th Cir. 2001) (holding that the Rule 202 proceeding is "merely an investigatory tool" and, as such, is not removable under the All Writs Act); *see also In re Enable Commerce, Inc.*, 256 F.R.D. 527, 528–29 (N.D. Tex. 2009).

the benefit/burden analysis that Rule 202 requires.[4]  Rule 202 petitions may not be used to obtain otherwise unobtainable discovery.  *See In re* Wolfe, 341 S.W.3d 932, 933 (Tex. 2011).  Trial courts "must strictly limit and carefully supervise pre-suit discovery to avoid abuse of the rule."  *Id*.  The trial court must perform a benefits/burdens analysis and make specific findings to support an order for pre-suit discovery.  Tex. R. Civ. P. 202.4(a); *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding, per curiam) (holding that required findings under Rule 202.4(a) must be explicitly made and cannot be implied to support the trial court's order compelling discovery).  The benefits/burdens analysis takes into account defenses to the discovery that would exist in a traditional lawsuit.  *See, e.g.*, *In re PrairieSmarts LLC*, 421 S.W.3d 296, 306–10 (Tex. App.—Fort Worth 2014, orig. proceeding) (holding that trial court abused its discretion in ordering pre-suit discovery that constituted trade secret information); *In re Chernov*, 399 S.W.3d 234, 235 (Tex. App.—San Antonio 2012, orig. proceeding) (holding that the trial court erred in ordering a pre-suit deposition, in part, because the deposition related to confidential peer review communication that is always privileged); *see also* Tex. R. Civ. P. 202.5 ("The scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed.").

Thus, here, the trial court should have and apparently did consider Relators' contention that an arbitration clause would govern the claims being investigated. After performing a benefits/burdens analysis pursuant to Rule 202, the trial court ordered pre-suit discovery.  But for our precedent *In re Bill Heard Chevrolet*, I

---

[4] The benefits/burdens analysis of the plain language of Rule 202 requires a trial court to order a deposition if it makes one of two findings, either that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure."  Tex. R. Civ. P. 202.4(a); *see also In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79–80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam).

would hold that this court should examine the trial court's balancing of the benefits and burdens of the pre-suit discovery sought for abuse of discretion. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79–80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam).

## CONCLUSION

We must follow our precedent but, as a court, we should revisit the wisdom of our implicit holding that a Rule 202 petition vests the trial court with jurisdiction to compel (or refuse to compel) arbitration of the putative claims between the putative parties.


/s/    Sharon McCally
Justice


Panel consists of Justices McCally, Brown, and Wise (Wise, J., majority).

5