

# NUMBER 13-16-00213-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

IN RE INTEG CORPORATION, GODFREY GARZA JR., VALLEY DATA COLLECTION SPECIALISTS, INC., AND ANNIE Q. GARZA

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION
### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

Relators, Integ Corporation, Godfrey Garza Jr., Valley Data Collection Specialists, Inc., and Annie Q. Garza, filed a petition for writ of mandamus and emergency motion for stay in the above cause on April 12, 2016. Godfrey Garza Jr. is the president and director of Integ Corporation and Annie Q. Garza is the president and director of Valley Data Collection Specialists, Inc. Through this original proceeding, relators seek to vacate a February 17, 2016 order granting a petition filed by the real party in interest, Hidalgo

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

County Drainage District Number One, seeking the pre-suit depositions of Godfrey and Annie pursuant to Texas Rule of Civil Procedure 202. *See* Tᴇx. R. Cɪᴠ. P. 202. By emergency motion, relators seek to stay the trial court's February 17, 2016 order and all proceedings related to that order, including a hearing set in the trial court on April 26, 2016.

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

An improper order under Rule 202 may be set aside by mandamus. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re PrairieSmarts LLC*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding); *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]). In this regard, we note that depositions, once taken, cannot be "untaken," *see In re Jorden*, 249 S.W.3d at 419, and mandamus has historically issued

2

for discovery that is "well outside the proper bounds." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *see In re Chernov*, 399 S.W.3d 234, 235 (Tex. App.—San Antonio 2012, orig. proceeding). We review a trial court's order granting a verified petition to take depositions before suit under an abuse of discretion standard. *Patton Boggs LLP v. Mosely*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, no pet.); *In re Hewlett Packard*, 212 S.W.3d at 360.

Texas Rule of Civil Procedure 202 permits a person to petition the court for authorization to take a deposition before suit is filed: (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(a), (b). Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.*, 292 S.W.3d at 79; *see also City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.— Houston [1st Dist.] 2006, no pet.). The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a). The required findings may not be implied. *See In re Does*, 337 S.W.3d 862, 863 (Tex. 2011) (orig. proceeding).

3

Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.); *see Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534–35 (Tex. App.—Austin 2013, pet. denied). Courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d at 933; *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 172. Rule 202 expressly limits the scope of discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing TEX. R. CIV. P. 202.5). Thus, Rule 202 was not intended as a means of obtaining otherwise unobtainable discovery. *See In re Doe*, 444 S.W.3d 603, 609 (Tex. 2014) (orig. proceeding); *In re Wolfe*, 341 S.W.3d at 933.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion relators have not met their burden to obtain relief. *See, e.g., In re Doe*, 444 S.W.3d at 609; *In re Wolfe*, 341 S.W.3d at 933. Accordingly, we DENY the petition for writ of mandamus and the emergency motion for stay.

PER CURIAM

Delivered and filed the
14th day of April, 2016.