

# NUMBER 13-23-00410-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUSTIN GUILLORY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Justin Guillory seeks to compel the trial court[2] to vacate its order granting his presuit deposition under Texas Rule of Civil Procedure 202. *See* TEX. R. CIV. P. 202. We conditionally grant relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This cause arises from trial court cause number 23-06-89908-B in the 135th District Court of Victoria County, Texas, and the respondent is the Honorable Kemper Stephen Williams III. *See id.* R. 52.2.

## I.   BACKGROUND

Real party in interest Oil Patch Group, Inc. (OPG) filed a verified Rule 202 petition seeking to take the presuit deposition of Guillory "to investigate potential claims against" him. According to OPG's petition, OPG is "a leader in the oilfield housing, rental, products, and services industry," and has spent "significant time and resources" in attaining that position and "in developing relationships and goodwill with its customers and employees." OPG alleged that a group of its former employees, including Guillory, had started a competing business using OPG's trade secrets and confidential information. Specifically, OPG alleged that its former president, Derek Elzner, started a new company, Titan Accommodations, LLC (Titan), and was operating it, along with other OPG former employees, in "full-fledged competition . . . in the oilfield housing, rental, products, and services industry," and "[was] now targeting and raiding OPG's valued customers and employees." OPG stated that it was seeking to take Guillory's presuit deposition in order "to explore [Guillory's] role in the Former OPG Employee's coordinated resignations, and their campaign to . . . start a competing business . . . using OPG's misappropriated trade secrets, confidential information, and property . . . [and to] explore whether it has potential legal claims arising from those events against [Guillory] individually." In relevant part, OPG's verified Rule 202 deposition stated:

28.   Rule 202 allows a party to petition for [presuit] discovery to investigate potential claims it may have against another party. [*Id.* R.] 202.2(d).

29.   Based on the facts set forth above, which include: (i) the suspicious and simultaneous resignations of seven OPG managers and employees, including [Guillory], just days after the resignation of OPG's former President, Elzner, who had just months prior registered a company, Titan, that would compete with OPG; (ii) the

2

subsequent employment of those employees by Titan; and (iii) [former employee Lenae Beran's] June 1, 2023 e-mail providing irrefutable evidence that Titan (or employees of Titan) is in possession of and is currently using for its benefit, confidential and proprietary information and documents belonging to OPG, including but not limited to OPG's expense report form—OPG seeks to investigate potential claims it may have against [Guillory] for, including but not limited to: (1) violation of the Defend Trade Secrets Act of 2016; (2) violation of the Texas Uniform Trade Secrets Act; (3) a breach of fiduciary duty to OPG related to the theft of OPG's confidential and proprietary information; and (4) civil conspiracy. Instead of rushing to the courthouse to file a lawsuit against [Guillory], [OPG] seeks a Rule 202 deposition to explore and investigate whether OPG has any claims against [Guillory] directly.

. . . .

30.  Under Rule 202, a court may grant a petitioner's request for pre-trial discovery if 'the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.' [*Id.* R.] 202.4(a). The benefit of allowing OPG to conduct the requested oral deposition duces tecum to investigate potential claims outweighs the burden or expense of authorizing the deposition of [Guillory], who will have specific knowledge regarding OPG's specific and potential claims against [him].

31.  Here, the burden or expense of allowing the requested Rule 202 deposition to take place and production of documents is low, as [Guillory] resides in Victoria County and OPG's counsel will work with [him] to schedule the deposition at a mutually convenient time and place. In addition, OPG will conduct the requested deposition within the time and other limitations as set forth in the Texas Rules of Civil Procedure.

OPG further included a subpoena duces tecum seeking the production of documents at the deposition. OPG's petition was supported by the verification of the president of OPG and included, as an exhibit, the emails sent by Beran.

Guillory filed an objection to OPG's verified Rule 202 petition. Guillory alleged, *inter alia*, that OPG had filed three federal lawsuits and four other Rule 202 petitions arising

3

from "the same set of facts." Guillory alleged that OPG's request to depose Guillory presuit was "nothing more than harassment and an attempt to circumvent federal discovery rules," and that "the purported benefits of a [presuit] deposition" were outweighed by the burden imposed by an "intrusive, expensive, and time-consuming" procedure. Guillory further alleged that the presuit deposition should be denied because "(1) OPG seeks third-party discovery that will be available to OPG in its other pending lawsuits, and (2) OPG's request for documents is not authorized by Rule 202."

The parties furnished the trial court with additional briefing regarding their positions. Specifically, OPG filed a response to Guillory's objection to the Rule 202 deposition, and Guillory filed a reply in support of his objection. The trial court then held a non-evidentiary hearing on OPG's petition for a presuit deposition. In support of its contention that the trial court should allow Guillory's presuit deposition, OPG's counsel asserted that the email sent by Beran was evidence that Titan had taken confidential trade secret information, and OPG displayed the email to the trial court. OPG's counsel noted that it currently had an action pending against Beran in state court, and informed the trial court that:

> They'll argue that . . . we don't need these rule 202s because this is all about a lawsuit that we filed against [Elzner] and Titan in federal court and that we can obtain discovery through third-party discovery in that case. We think they missed the point here in that we're trying to find out what claims we can bring against [Guillory] in his individual capacity.
>
> We have no reason to know or believe that we can bring him into the federal lawsuit. Maybe we could; maybe we couldn't. We don't know but at this time we would intend to file our claims against him in this court for any actions that he did with respect to taking documents or misappropriating trade secrets.

4

> Like I said, we filed suit against [Beran] in state court in addition to the federal court lawsuit we have. If this deposition were to yield evidence that [Guillory] had himself engaged in conduct similar to [Beran,] we would file that claim here in state court against him as well.

Counsel further argued that Guillory's counsel had agreed to the presuit deposition with the exception of the deposition's timing. In contrast to these arguments, Guillory's counsel informed the trial court that he opposed the presuit deposition because: (1) OPG had not met its burden under Rule 202 regarding the investigation of potential claims to show that the benefit outweighed the burden; (2) OPG had other discovery tools available to it given three pending cases and several other Rule 202 petitions; and (3) the production of documents was not allowed in a Rule 202 proceeding. Guillory's counsel further expressly denied having reached any agreement regarding the deposition. OPG's counsel asserted that it could "theoretically take third-party discovery at some point," but that "had nothing to do with" any claims against Guillory, and that there was no case law prohibiting presuit depositions when there is a related legal proceeding. At the conclusion of the hearing, the trial court took the matter under submission.

By order signed on September 1, 2023, the trial court granted OPG's petition. The trial court concluded that the likely benefit of allowing OPG to depose Guillory outweighed the burden or expense of the procedure, ordered the deposition to take place at a mutually agreeable time and place on or before September 30, 2023, and limited the deposition to a two-hour period. The trial court's order further provides that the time elapsed during the deposition "will be subtracted from the time limit under the Federal Rules of Civil

5

Procedure for any subsequent deposition of [Guillory] in the lawsuit currently pending in federal court between [OPG] and [Elzner], Dwayne Beran, and [Titan]."[3]

This original proceeding ensued. Guillory asserts that the trial court abused its discretion in granting his presuit deposition because (1) OPG failed to introduce any competent evidence to support his request; and (2) even considering OPG's Rule 202 petition and attached exhibit, OPG failed to demonstrate its entitlement to a presuit deposition.[4] Guillory further sought temporary relief to stay the deposition pending this Court's consideration of his petition for writ of mandamus. We granted Guillory's request for temporary relief and requested OPG to file a response to the petition. OPG's response asserts that the trial court's order was supported by evidence because it considered OPG's verified petition and that the trial court did not abuse its discretion in concluding that the deposition was warranted.[5] Relator has filed a reply in support of his request for mandamus relief.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem.*

---

[3] According to the briefing, Lenae Beran, who sent the email at issue in OPG's Rule 202 petition, is married to Dwayne Beran, who is one of the defendants in one of the lawsuits filed by OPG.

[4] The trial court's order does not address that part of OPG's petition in which it requests Guillory to produce documents in connection with his requested deposition. We note that the intermediate appellate courts are split on the propriety of conjoining other forms of discovery with a Rule 202 deposition. *Compare In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App.—Tyler 2018, orig. proceeding) (allowing the production of documents in a Rule 202 deposition), *with DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 858 (Tex. App.—Fort Worth 2018, no pet.) (concluding that a request for the production of documents in a Rule 202 petition was "improper"), *and In re Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 921 (Tex. App.—Beaumont 2000, orig. proceeding) (holding that Rule 202 does not expressly authorize any form of discovery other than depositions.). We need not address this issue here. *See* TEX. R. APP. P. 47.4.

[5] On September 25, 2023, OPG filed an "Unopposed Motion for Expedited Consideration" of this petition for writ of mandamus. We deny OPG's motion.

*Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

"An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam); *see In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re City of Tatum*, 567 S.W.3d 800, 804 (Tex. App.—Tyler 2018, orig. proceeding); *In re East*, 476 S.W.3d 61, 64 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding). The Texas Supreme Court has "consistently held" that "parties lack an adequate appellate remedy from orders compelling discovery beyond what the rules allow." *In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021) (orig. proceeding) (per curiam); *see In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). Further, a deposition, once taken, "cannot be untaken." *In re Millwork*, 631 S.W.3d at 715 (quoting *In re Liberty Cnty. Mut.*

*Ins.*, 557 S.W.3d 851, 858 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding)); *see In re Jorden*, 249 S.W.3d at 419; *Rodriguez v. Cantu*, 581 S.W.3d 859, 866 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (combined app. & orig. proceeding).

### III.    RULE 202 DEPOSITIONS

In relevant part, Texas Rule of Civil Procedure 202 allows a party to "petition the court for an order authorizing the taking of a deposition" before suit is filed "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b); *see In re East*, 476 S.W.3d at 65. The trial court "must order a deposition to be taken if, but only if," it finds that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a)(2); *see In re Jorden*, 249 S.W.3d at 423. This finding is mandatory and may not be implied from the record. *See In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding) (per curiam); *Rodriguez*, 581 S.W.3d at 867; *In re City of Tatum*, 567 S.W.3d at 807. To obtain an order authorizing a presuit deposition, the petitioner is required to present the trial court with a "basis" for this finding. *In re Does*, 337 S.W.3d at 865; *see Gordon Indep. Sch. Dist. v. Hinkson*, 661 S.W.3d 922, 928 (Tex. App.—Eastland 2023, no pet.). "The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition." *In re East*, 476 S.W.3d at 68.

"Rule 202 depositions are not now and never have been intended for routine use." *In re Jorden*, 249 S.W.3d at 423; *see Gordon Indep. Sch. Dist.*, 661 S.W.3d at 929; *Rodriguez*, 581 S.W.3d at 868. Seeking discovery from a deponent before filling suit presents practical and due process problems. *See In re Jorden*, 249 S.W.3d at 423; *In re City of Tatum*, 567 S.W.3d at 804; *In re Elliott*, 504 S.W.3d 455, 460 (Tex. App.—Austin

8

2016, orig. proceeding). "The intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *In re Does*, 337 S.W.3d at 865. Therefore, "[c]ourts must strictly limit and carefully supervise [presuit] discovery to prevent abuse" of Rule 202. *In re Wolfe*, 341 S.W.3d at 933; *see Gordon Indep. Sch. Dist.*, 661 S.W.3d at 929; *see also In re Hernandez*, No. 13-21-00244-CV, 2022 WL 627232, at \*9 (Tex. App.— Corpus Christi–Edinburg Mar. 3, 2022, orig. proceeding) (mem. op.). Further, Rule 202 may not be used as a method to acquire otherwise unobtainable discovery; thus, the scope of discovery in a presuit deposition "is the same as if the anticipated suit or potential claim had been filed." Tex. R. Civ. P. 202.5; *see In re DePinho*, 505 S.W.3d 621, 625 (Tex. 2016) (orig. proceeding) (per curiam); *Hous. Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 305 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## IV. ANALYSIS

Guillory contends that the trial court abused its discretion in granting the Rule 202 deposition because OPG failed to introduce competent evidence to support its request and, even considering OPG's Rule 202 petition and attached exhibit, OPG failed to demonstrate its entitlement to a presuit deposition. OPG argues, in contrast, that the trial court relied on its verified petition and exhibit in granting its request, and that this evidence "was sufficient for the trial court to conclude that the benefit of allowing the Rule 202 deposition outweighed the minimal burden to Guillory."

OPG had the burden of showing that the likely benefit of allowing it to take Guillory's deposition to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(a)(2). We conclude that it failed to meet this burden. At the outset, we note that OPG offered and introduced no evidence in support

9

of its position. *See DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 855–56 (Tex. App.—Fort Worth 2018, no pet.) ("A petitioner seeking [presuit] discovery under Rule 202 must present evidence to meet its burden to establish the facts necessary to obtain such discovery."); *In re East*, 476 S.W.3d at 68 ("The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition."). And while OPG maintains that the trial court relied on its verified petition, the exhibit attached thereto, and argument as evidence—a proposition which is generally untenable[6]—the conclusory allegations in OPG's petition fail to provide a sufficient basis for the trial court to conclude that the benefit of the deposition outweighs its burden. Stated differently, we conclude that even if all of the allegations in OPG's verified Rule 202 petition are taken as true and accorded evidentiary value, the trial court nevertheless abused its discretion in granting discovery under Rule 202.

Here, OPG asserted in its petition that the benefit of the deposition would outweigh the burden or expense of the procedure. OPG asserted that "the burden or expense" of the presuit deposition "is low" because: Guillory resides in the county where the

---

[6] "Generally, a Rule 202 petitioner may not rely upon its verified pleading to prove the facts asserted in its petition." *DeAngelis*, 556 S.W.3d at 855; *see In re Krause Landscape Contractors, Inc.*, 595 S.W.3d 831, 838 (Tex. App.—Amarillo 2020, orig. proceeding) ("A Rule 202 petitioner cannot generally rely on its verified pleadings to prove the facts asserted in its petition."); *see also In re Josefsberg*, No. 01-22-00604-CV, 2022 WL 17981852, at *4 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, orig. proceeding) (per curiam) (mem. op.) (stating that the verified petition is not competent evidence in support of a presuit deposition); *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *5 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding) (mem. op.) ("We, too, hold that a petitioner under Rule 202 cannot rely solely on its verified petition and/or the argument of counsel to establish the evidentiary requirements under Rule 202."); *In re Noriega*, No. 05-14-00307-CV, 2014 WL 1415109, at *2 (Tex. App.—Dallas Mar. 28, 2014, orig. proceeding) (mem. op.) ("[E]ven if real party had been able to overcome relator's objection to the verification on the petition that it was not based on personal knowledge of real party's counsel, the verified petition would not have been admissible evidence in support of the Rule 202 petition.").

deposition would take place; "OPG's counsel will work with [Guillory] to schedule the deposition at a mutually convenient time and place"; and "OPG will conduct the requested deposition within the time and other limitations as set forth in the Texas Rules of Civil Procedure." OPG offers little to nothing more than it would be required to do under the rules of discovery to alleviate the burden of the deposition. *See* TEX. R. CIV. P. 199.2(b)(2) (governing the time and place for depositions); *id.* R. 202.5 (stating in relevant part that presuit depositions "are governed by the rules applicable to depositions of nonparties in a pending suit"). OPG's allegations have little bearing on the benefit and burden analysis applicable to presuit depositions. *See* TEX. R. CIV. P. 202.4(a)(2); *In re Jorden*, 249 S.W.3d at 423. Moreover, these assertions are not "evidence" and do not "establish the facts necessary to obtain the deposition." *See In re East*, 476 S.W.3d at 68.

Leaving this aside, OPG seeks to depose Guillory, a former employee, to glean information related to its potential claims against him regarding the misappropriation of trade secrets and the theft of confidential and proprietary information. Deposing a former employee regarding these matters is "intrusive, expensive, and time-consuming" and imposes a "substantial" burden on the proposed deponent. *In re Hewlett Packard*, 212 S.W.3d 356, 362 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]); *see In re PrairieSmarts LLC*, 421 S.W.3d 296, 306 (Tex. App.—Fort Worth 2014, orig. proceeding) (applying rules regarding the discovery of trade secret information to presuit depositions); *see also In re Hernandez*, 2022 WL 627232, at *10. OPG's argument that the benefit of deposing Guillory might allow it to determine whether it has legitimate claims against him, standing alone, "does not outweigh the burden imposed on [Guillory], particularly where valuable trade secrets are involved." *In re Hewlett Packard*, 212 S.W.3d at 362. To hold

11

otherwise "would allow individuals or companies to take [presuit] depositions of business competitors in a broad range of circumstances because the expense of taking a limited number of depositions can almost always be argued to be less than the expense of filing and prosecuting a lawsuit." *Id.*

Finally, OPG has not shown that the benefit of a presuit deposition outweighs the burden imposed on Guillory given that OPG, represented by the same counsel appearing in this proceeding, has filed at least two lawsuits against former employees arising from the same facts at issue here and presenting the same and similar causes of action. OPG neither discusses the viability of deposing Guillory in these cases nor argues that any such deposition in these actions would be insufficient. Rather, OPG asserts that there is no persuasive legal support for the position that OPG should be forced to depose Guillory in a separate lawsuit to determine if it has a good faith basis to file claims *against Guillory directly*. According to OPG:

> Guillory's argument fails on a more basic level as well. If the existence of a third-party lawsuit (that does not name the 202-deponent as a party) served a per-se bar to a Rule 202 deposition, an aggrieved victim could not use the procedure to investigate potential claims against other wrongdoers if it previously sued a responsible party that, for example, had disappeared, went insolvent, or refused to file an answer to the lawsuit. An aggrieved victim would be forced to sue every conceivable wrongdoer all in one single lawsuit, and then decide later whether it had a good-faith basis to sue each and every party in that lawsuit ab initio. That cannot be the intended purpose or practical result of Rule 202. Especially since it ignores potential jurisdictional, forum and/or venue considerations.

We express no bright-line rule suggesting that the pendency of related litigation serves as an automatic bar to a Rule 202 deposition. However, the fact that there is pending litigation involving the same parties and similar allegations suggests that the requested presuit discovery is unnecessary because OPG has already investigated its potential

claims, or, alternatively, that the discovery at issue could occur in the ongoing litigation. *See In re Wolfe*, 341 S.W.3d at 933; *DeAngelis*, 556 S.W.3d at 857; *see also In re Hanover Ins.*, No. 01-13-01066-CV, 2014 WL 7474203, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, orig. proceeding) (mem. op) ("KAI is already a party in the underlying litigation, and the Texas Rules of Civil Procedure provide a mechanism by which a party in KAI's position may obtain discovery from a third party like Hanover."). Allowing a presuit deposition when the petitioner fails to show that the presuit discovery is necessary irrespective of pending litigation fails to comport with the supreme court's admonition to "strictly limit and carefully supervise" presuit discovery. *In re Wolfe*, 341 S.W.3d at 933; *see Gordon Indep. Sch. Dist.*, 661 S.W.3d at 929; *see also In re Hernandez*, 2022 WL 627232, at *9. In other words, OPG did not meet its burden to show why Guillory's deposition must occur in a Rule 202 proceeding. *See DeAngelis*, 556 S.W.3d at 857–58.

In summary, the trial court's September 1, 2023 order granting OPG's petition for Guillory's presuit deposition constituted an abuse of discretion because OPG failed to meet the requirements of Texas Rule of Civil Procedure 202. *See* Tex. R. App. P. 202; *In re Hewlett Packard*, 212 S.W.3d at 363–64. Moreover, Guillory lacks an adequate remedy by appeal. *See In re Wolfe*, 341 S.W.3d at 933. Having concluded that OPG failed to meet its burden under Rule 202 to obtain the presuit deposition, we sustain the sole issue that Guillory presents in this original proceeding.

### V. CONCLUSION

The Court, having examined and fully considered Guillory's petition for writ of mandamus, OPG's response, Guillory's reply, and the applicable law, is of the opinion that Guillory has met his burden to obtain mandamus relief. Accordingly, we lift the stay

previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant Guillory's petition for writ of mandamus, and we direct the trial court to promptly vacate its September 1, 2023 order granting OPG's Rule 202 petition. Our writ will issue only if the trial court fails to comply.

GINA M. BENAVIDES
Justice

Delivered and filed on the
8th day of May, 2024.