

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00523-CV

_____

IN RE PALOMA CREEK HOMEOWNERS ASSOCIATION, Relator

---

Original Proceeding
442nd District Court of Denton County, Texas
Trial Court No. 24-7614-442

---

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Relator Paloma Creek Homeowners Association (Paloma Creek) seeks mandamus relief from the trial court's grant of a petition for a presuit deposition under Texas Rule of Civil Procedure 202. *See* Tex. R. Civ. P. 202.1 (permitting a person to petition a court for authorization to take a deposition to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential legal claim or suit). Because the trial court abused its discretion and because Paloma Creek lacks an adequate remedy by appeal, we conditionally grant mandamus relief.

## I. BACKGROUND

Real parties in interest Gang Liu, Bin Li, and John Voss (Homeowners) filed a petition seeking presuit discovery from Paloma Creek to investigate possible breach of contract and tortious interference claims. Homeowners sought testimony and documents through designated witnesses (including communications and Paloma Creek's records) regarding the increase in rental property fees and new tenant annual fees—as well as the use of the funds generated by the fees—and all communications about such fees and board member activities.

Paloma Creek filed a brief in opposition, asserting that Homeowners had "failed to identify any particular need for a deposition before filing suit." Paloma Creek also argued that Homeowners had not shown evidence for either of the two required findings under Rule 202.4(a): (1) that the requested deposition prevent a failure or delay of justice in an anticipated suit and (2) that the benefit of allowing the requested

deposition outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(a).

The trial court held a hearing at which counsel from both sides presented argument. Homeowners argued that Paloma Creek had increased fees and fines for homeowners with rental properties in the community. Homeowners sought to depose on the "thought process and logic behind" the increases because there was "no reasonable explanation for [the] increase of fees." The primary concern raised by Homeowners was related to the fee increases and the desire to understand why the increases had occurred.

Paloma Creek argued that Homeowners' Rule 202 petition was unsupported, with "no sworn testimony or evidence . . . that identifies any urgent reason" for a presuit deposition. Homeowners responded that the presuit deposition would reduce costs and prevent the undue burden of litigation, and that it was an urgent matter because there were fines for noncompliance with the increased fees. At the time of the hearing, Homeowners had made no firm decision to pursue litigation and claimed that they only wished to explore the strength of a potential claim.

The trial court granted Homeowners' petition, stating that:

After considering Petitioners' petition asking the court for permission to take the deposition by oral examination with subpoena duces tecum of the designated representative of Paloma Creek Homeowners Association to investigate a potential claim, the response, and arguments of counsel, the court grants the request.

Paloma Creek then filed this mandamus petition, asking that we reverse the ruling of the trial court granting the Homeowners' Rule 202 petition and deny any requested presuit discovery in its entirety.

## II. DISCUSSION

Paloma Creek contends in two issues that the trial court clearly abused its discretion by (1) granting the Rule 202 petition after Homeowners failed to offer any evidence to establish that presuit discovery was necessary and (2) failing to comply with the findings requirement under Rule 202.4.

### A. MANDAMUS STANDARD

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy is inadequate when a trial court's ruling creates a danger of a party's permanently losing substantial rights—when the appellate court would not be

4

able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made a part of the appellate record. *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (orig. proceeding) (citing *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding)). Because no right of appeal exists from an order allowing a Rule 202 deposition, *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding), mandamus is the proper method to challenge such an order. *In re Kaddatz*, No. 02-23-00336-CV, 2023 WL 7210337, at *4 (Tex. App.—Fort Worth Nov. 2, 2023, orig. proceeding).

## B. APPLICABLE LAW

Rule 202 authorizes presuit depositions (1) "to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or (2) "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1; *In re Acclarent, Inc.*, No. 02-24-00228-CV, 2024 WL 2873617, at *2 (Tex. App.—Fort Worth June 7, 2024, orig. proceeding). But, as the Texas Supreme Court has pointed out, "[t]he intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding). "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *Jorden*, 249 S.W.3d at 423. The supreme court has further cautioned that courts must "strictly limit and carefully supervise pre-suit

5

discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (discussing application of Rule 202.5).

Although Rule 202 does not require the petitioner to plead a specific cause of action, the petition must "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *Kaddatz*, 2023 WL 7210337, at *4. A Rule 202 petition that "merely tracks the language of Rule 202 in averring the necessity of a pre-suit deposition, without including any explanatory facts," will not suffice to meet the petitioner's burden. *Id.* (quoting *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 856 (Tex. App.—Fort Worth 2018, no pet.)); *In re Time Warner Cable Enters., LLC*, No. 04-15-00539-CV, 2015 WL 5837685, at *2 (Tex. App.—San Antonio Oct. 7, 2015, orig. proceeding) (mem. op.); *In re East*, 476 S.W.3d 61, 69 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *see also Does*, 337 S.W.3d at 865 (concluding that petitioner's "sketchy" allegations mostly concerning a third party "made no effort to present the trial court with a basis for the [Rule 202] findings").

In addition, a Rule 202 petitioner must provide more than mere allegations to obtain a Rule 202 deposition; it must present evidence establishing the facts necessary to obtain such discovery. *See, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *4 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding) (mem. op.) (collecting cases); *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding) ("Given that the real parties in interest adduced no evidence of imminent loss of the witnesses' testimony, the prejudice to the insurance company in

6

having to submit its employees for deposition far outweighs any benefit to the real parties in interest."). And because pleadings—even if sworn or verified—are not generally considered competent evidence, *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), a Rule 202 petitioner usually cannot rely upon a verified pleading to prove the facts asserted in its petition. *Kaddatz*, 2023 WL 7210337, at *4; *see, e.g.*, *Pickrell*, 2017 WL 1452851, at *4–5.

## C. ANALYSIS

Because Homeowners sought Paloma Creek's corporate representative's deposition to investigate a potential claim or suit, *see* Tex. R. Civ. P. 202.1(b), Homeowners had the burden to plead and prove that "the likely benefit of allowing [them] to take the requested deposition to investigate a potential claim outweigh[ed] the burden or expense of the procedure," Tex. R. Civ. P. 202.4(a)(2). Paloma Creek contends that Homeowners have failed to plead or prove their need for presuit discovery. We agree.

Homeowners' Rule 202 petition fails to explain the basis for their potential claims against Paloma Creek, and it does not explain why there is a need for presuit deposition. *See Kaddatz*, 2023 WL 7210337, at *5. The Homeowners' petition contains no factual allegations concerning Rule 202's requirements at all. *See* Tex. R. Civ. P. 202.4(a)(2); *Does*, 337 S.W.3d at 865; *Kaddatz*, 2023 WL 7210337, at *5. Rather, the petition alleges only that there was, at some point, an increase in costs and fees for the rental properties in the Paloma Creek community. The remainder of Homeowner's petition identifies

7

the deposition topics to be addressed, and the documents sought. The petition fails to offer any argument to support "good cause" for presuit discovery—only a general statement that "the likely benefit . . . outweighs the burden or expense of [the] procedure." This is not enough. *See Hochheim*, 115 S.W.3d at 796 (holding that when a real party in interest fails to adduce evidence of imminent loss of the witnesses' testimony, the prejudice to the relator in having to submit to deposition far outweighs any benefit to the real party in interest).

It is an abuse of discretion for a trial court to find that the likely benefit of a Rule 202 deposition outweighs the burden of the deposition when the party seeking the deposition fails to provide any evidence on which the court could have based such a finding. *In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) (conditionally granting mandamus where no evidence was presented to the trial court at the hearing on the motion and party seeking Rule 202 deposition did not formally offer or admit its verified pleading at the hearing). The trial court did just this and in doing so abused its discretion.

In sum, Homeowners failed to allege any facts or offer any evidence to explain why they should be permitted to depose Paloma Creek's corporate representative under Rule 202. *See Does*, 337 S.W.3d at 865; *Kaddatz*, 2023 WL 7210337, at *9. Accordingly,

we hold that the trial court abused its discretion by granting Homeowners' Rule 202 petition. We sustain Paloma Creek's first issue.[1]

### III. CONCLUSION

Having sustained Paloma Creek's first issue, which is dispositive, we conditionally grant the writ of mandamus. The trial court is ordered to vacate its order granting Homeowners' Rule 202 petition and to render an order denying the same. Our writ will issue only if the trial court fails to comply.

All pending motions are denied as moot.

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 9, 2025

---

[1]Paloma Creek's first issue is dispositive of its mandamus petition. We need not address the second issue that the trial court's order was insufficient. *See* Tex. R. App. P. 47.1, 52.8(d).