

**NUMBER 13-14-00317-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE MIKE EAST, ALICE EAST, LISA EAST,
AND ALEJANDRO URIAS**

**On Petition for Writ of Mandamus**

**OPINION**

**Before Justices Rodriguez, Garza, and Benavides
Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relators Mike East, Alice East, Lisa East, and

Alejandro Urias seek to compel the trial court[2] to vacate its order granting presuit

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.  When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Rolando Cantu, the Presiding Judge of County Court at Law No. 8 of Hidalgo County, Texas.  *See* TEX. R. APP. P. 52.2.

depositions under Texas Rule of Civil Procedure 202. *See* TEX. R. CIV. P. 202. We conditionally grant relief.

## I. BACKGROUND

Real party in interest, Laura Salinas, filed a petition in her county of residence seeking to take the presuit depositions of relators. The petition, entitled "Petition Requesting Deposition Before Suit," was filed against relators and states in relevant part that: Salinas requests the depositions of relators "to obtain and/or perpetuate testimony for use in an anticipated suit"; the subject matter of the anticipated litigation is the "intentional and [tortious] interference with the lawful use of property"; the testimony of relators is needed "to elicit exact ownership of the land where the fence causing the tort was erected; to determine whether the potential defendants are individuals, a partnership, a corporation, lessees or tenants in common and other relevant information necessary for the naming of all necessary, proper, and indispensable parties"; and that Salinas "cannot ascertain that all of the above named deponents would be available for trial at a future date and it is thus necessary to perpetuate their testimony." The petition further requests that the deponents provide documents including: (1) "any and all deeds" and "probate court orders" and "any document evidencing title and ownership" of the "La Mula Pasture," Santa Fe Ranch; (2) "any and all leases of property owned by deponents in Hidalgo County," whether for minerals, recreation, or hunting; and (3) "any and all contracts" executed by the deponents or their agents in 2012 regarding the construction

2

of a game-proof fence on "La Mula Pasture." The petition is supported by a verification provided by Salinas.[3]

Relators filed an original answer to the petition, including a general denial of the allegations in the petition and a specific assertion that any cause of action against relators pertaining to the fence was barred by section 1.013 of the Texas Parks and Wildlife Code. *See* TEX. PARKS & WILD. CODE ANN. § 1.013 (West, Westlaw through 2013 3d C.S.) (providing that an owner or occupant of land may construct or maintain a fence of any height and is "not liable for the restriction of the movement of wild animals by the fence").

After a largely non-evidentiary hearing,[4] the trial court granted the petition on grounds that Salinas had established that the depositions "may prevent a failure or delay of justice in an anticipated suit" and that the "likely benefit of allowing . . . the depositions to investigate a potential claim outweighs the burden or expense of the procedure." The trial court ordered the depositions of relators to be taken on specified days and further ordered relators to produce "any non-confidential documents relevant or calculated to lead to admissible evidence regarding the scope of [Salinas's] request."

---

[3] Texas Rule of Civil Procedure 202.2 provides that a petition seeking presuit depositions must be verified. *See* TEX. R. CIV. P. 202.2(a). In the verification filed in this case, Salinas avers that the contents of the petition "and everything therein contained is true and correct to the best of her knowledge." By statute or rule, some affidavits or verifications can be made on information and belief. *See, e.g.,* TEX. R. CIV. P. 18a, 93. Otherwise, the language "to the best of my knowledge" does not attest to the truthfulness of the facts alleged and is not legally effective as a verification. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Lightfoot v. Weissgarber*, 763 S.W.2d 624, 627 (Tex. App.—San Antonio 1989, writ denied) ("It is a long established rule in Texas that affidavits, in order to constitute summary judgment proof, must be sworn to on personal knowledge and that those sworn to on best knowledge and belief are insufficient."). Relators did not raise this issue in the trial court, and thus we do not address its application to this case. *See Teixeira v. Hall*, 107 S.W.3d 805, 810 (Tex. App.—Texarkana 2003, no pet.); *In re Simpson*, 932 S.W.2d 674, 677 (Tex. App.—Amarillo 1996, no writ); *see also* TEX. R. APP. P. 33.1.

[4] Alejandro Urias, also a real party in interest, provided brief and succinct testimony at the hearing regarding the fence and the geographic location of the properties at issue. No other testimony or evidence was adduced at the hearing.

This original proceeding ensued. By three issues, relators contend that the trial court abused its discretion in granting the petition for presuit depositions. This Court requested and received a response to the petition for writ of mandamus from Salinas. Salinas asserts, inter alia, that relators attempt to set aside the order granting the depositions on grounds that were never presented to the trial court.

## II. STANDARD FOR MANDAMUS REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors, including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

An improper order under Rule 202 may be set aside by mandamus. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re PrairieSmarts LLC*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding); *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding); *In re Emergency*

4

*Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]).[5]  In this regard, we note that depositions, once taken, cannot be "untaken," *see In re Jorden*, 249 S.W.3d at 419, and mandamus has historically issued for discovery that is "well outside the proper bounds." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *see In re Chernov*, 399 S.W.3d 234, 235 (Tex. App.—San Antonio 2012, orig. proceeding) (holding that a party to a Rule 202 proceeding has no adequate remedy by appeal if the trial court abused its discretion in ordering discovery that would compromise procedural or substantive rights).  We review a trial court's order granting a verified petition to take depositions before suit under an abuse of discretion standard. *Patton Boggs LLP v. Mosely*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, no pet.); *In re Hewlett Packard*, 212 S.W.3d at 360.

### III. APPLICABLE LAW

Texas Rule of Civil Procedure 202 permits a person to petition the court for authorization to take a deposition before suit is filed in two circumstances:  (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an

---

[5] The Texas Supreme Court has explained that presuit deposition orders are appealable only if sought from someone against whom suit is not anticipated. *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (citing *Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991)). In contrast, when presuit depositions are sought from an anticipated defendant, as in this case, such orders have been considered ancillary to the subsequent suit, and thus are neither final nor appealable. *In re Jorden*, 249 S.W.3d at 419 (citing *Office Emp. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965)) ("The taking of depositions to perpetuate testimony is ancillary to the anticipated suit."); *see also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 381–82 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("Mandamus is the proper vehicle to challenge a Rule 202 order when the order seeks discovery from a party against whom suit is anticipated.").  In the instant case, relators also initially sought review of the challenged order by appeal, but subsequently dismissed the appeal in deference to this original proceeding. *See East v. Salinas*, No. 13-14-00327-CV, 2014 WL 4055847, at *1 (Tex. App.—Corpus Christi Aug. 14, 2014, no pet. h.) (per curiam) (mem. op.).

anticipated suit; or (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(a), (b).

A Rule 202 petition must, in summary:

(1)     be verified;

(2)     be filed in the proper court of any county where venue of an anticipated suit may lie or where the witness resides, if no suit is anticipated;

(3)     be in the name of the petitioner;

(4)     state either that the petitioner anticipates the institution of suit in which the petitioner may be a party or that the petitioner seeks to investigate a potential claim;

(5)     state the subject matter of the anticipated action, if any, and the petitioner's interest therein;

(6)     if suit is anticipated, state the names, addresses, and telephone numbers of the persons petitioner expects to have interests adverse to petitioner's, or state that this information cannot be ascertained through diligent inquiry and describe those persons;

(7)     state the names, addresses, and telephone number of the persons to be deposed, the substance of the expected testimony, and the petitioner's reasons for wanting the testimony; and

(8)     request an order authorizing the petitioner to take the depositions of the persons named in the petition.

*See id.* R. 202.2(a)–(h); *see also In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 171–72. Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.*, 292 S.W.3d at 79 (noting that requiring a Rule 202 petitioner to plead a viable claim would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 202 does

6

not require a petitioner to plead a specific cause of action."). In other words, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a). The Texas Supreme Court has expressly held that these findings may not be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding).

"Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d at 423. Accordingly, courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d at 933; *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 172. Rule 202 was not intended as a means of obtaining otherwise unobtainable discovery. *See In re Wolfe*, 341 S.W.3d at 933. (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Rule 202 expressly limits the scope of discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing TEX. R. CIV. P. 202.5). Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters*

7

*Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. CIV. P. 1); *see Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 534–35 (Tex. App.—Austin 2013, pet. filed).

## IV. ANALYSIS

By their first and second issues, relators contend that the trial court erred in ordering the depositions because Salinas did not present evidence establishing that there would otherwise be a failure or delay of justice in the anticipated suit or that the likely benefit of allowing the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. By their third issue, relators contend the trial court abused its discretion in requiring them to produce the documents at the depositions as specified in Salinas's petition and the trial court's order. In response, the "summary of argument" provided by Salinas states as follows:

> A party is limited to the theory on which he tries his case. Before the trial court, [relators] claimed that evidence in support of the merits was required to obtain discovery under Tex. R. Civ. P. 202. Having pitched its tent on this argument, this mandamus proceeding likewise rises or falls on this argument, and not on arguments never presented to the trial court. Before the trial court, [Salinas] asserted that any evidentiary burden which she possessed was satisfied by her verified pleadings. Continuing with [their] merits-based theme, [relators] did not object, and the trial court clearly considered such verified pleadings as evidence in making its determination. In light of the lack of objection, such petition was sufficient to satisfy any burden.

In short, Salinas contends that the relators may not obtain mandamus relief by asserting objections that were never made to the trial court. It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d at 714; *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding).

8

Salinas contends that relators only objected to the presuit depositions on grounds that they were entitled to immunity from suit regarding Salinas's complaints about the fence, and thus relators' evidentiary issues have not been preserved for review in this original proceeding. In this case, relators filed an answer to the petition for presuit depositions in which they generally denied the allegations in Salinas's petition. The bulk of relators' arguments at the hearing on the petition concerned the merits, or lack thereof, of a potential lawsuit filed by Salinas against relators. In fact, relators asserted that the trial court "has not heard any evidence at all on how this has been a tortious interference, how it could potentially harm [Salinas], especially in light of the fact that we have a — state statute that gives us complete immunity."

We agree with Salinas that relators' merits-based defense to the potential lawsuit is not a valid objection to a petition seeking presuit depositions. *See In re Emergency Consultants, Inc.*, 292 S.W.3d at 79 (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202"). However, at the hearing, the relators also asserted that it would be an abuse of discretion to grant the petition "in light of the fact that there is no evidence at all before the [trial court]." Relators further informed the trial court that its ruling was made "without any evidence at all" and was thus "an abuse of discretion." Relators contended that "there's an absence of evidence, 100 percent absence of evidence as to why [she's] entitled to have [these] deposition[s]." Counsel expressly asserted that "just because you file a verified pleading is not sufficient." We thus conclude that this issue was sufficiently presented to the trial court and preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *In re Waste Mgmt. of Texas, Inc.*, 392 S.W.3d 861, 877 (Tex. App.—Texarkana 2013, orig. proceeding). We

9

proceed to address relators' first two issues which attack the evidentiary support for the order granting presuit depositions.

As stated previously, relators contend that the trial court abused its discretion in ordering the depositions because Salinas did not present any evidence that allowing her to take the depositions would prevent a failure or delay of justice in an anticipated suit, or that the likely benefit of allowing her to take the requested depositions to investigate her potential claim or suit outweighs the burden or expense of the procedure. In response, Salinas asserts that her verified petition provided sufficient evidence to support the trial court's findings that the depositions were necessary.

As the petitioner, Salinas had the burden to show either that allowing her to take the depositions would prevent a failure or delay of justice in an anticipated suit, or that the likely benefit of allowing her to take the requested depositions to investigate a potential claim or suit outweighs the burden or expense of the procedure. *See In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 174; *In re Hewlett Packard*, 212 S.W.3d at 363–64; *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding); *see also In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.); *In re Campos*, No. 02-07-00197-CV, 2007 WL 2013057, at *4 (Tex. App.—Fort Worth July 12, 2007, orig. proceeding [mand. denied]) (mem. op. per curiam). To obtain an order authorizing presuit depositions, Salinas must present the trial court with a basis for one of these required findings. *See In re Does*, 337 S.W.3d at 865.

The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition.

*See, e.g., In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d at 796; *see also In re Dallas Cnty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.). In examining this evidentiary requirement, we are cognizant that sworn, verified pleadings are generally not considered competent evidence to prove the facts asserted in the pleading. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). Moreover, the argument of counsel is not evidence. *See Love v. Moreland*, 280 S.W.3d 334, 336 n. 3 (Tex. App.—Amarillo 2008, no pet.); *Potter v. GMP, L.L.C.*, 141 S.W.3d 698, 704 (Tex. App.—San Antonio 2004, pet. dism'd). Several cases have applied these basic principles to the Rule 202 burden of proof. *See, e.g., In re Dallas Cnty. Hosp. Dist.*, 2014 WL 1407415, at *2 (stating that neither verified pleadings nor the argument of counsel are generally considered competent evidence to provide the basis for granting a Rule 202 deposition); *In re Noriega*, No. 05-14-00307-CV, 2014 WL 1415109, at *2 (Tex. App.—Dallas Mar. 28, 2014, orig. proceeding) (mem. op.) (same and asserting that "even if real party had been able to overcome relator's objection to the verification on the petition that it was not based on personal knowledge of real party's counsel, the verified petition would not have been admissible evidence in support of the Rule 202 petition"); *In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (holding that the Rule 202 petition itself does not constitute evidence for purposes of supporting the required findings); *In re Rockafellow*, No. 07-11-00066-CV, 2011 WL 2848638, at *4 (Tex. App.—Amarillo July 19, 2011, orig. proceeding) (concluding that the trial court abused its discretion in ordering presuit depositions

11

because neither the verified petition nor the arguments of counsel constituted evidence in support of the petition).[6]

Salinas asserts that her verified petition provides sufficient evidence to support the trial court's order granting the presuit depositions. Although Salinas asserts that the "trial court clearly considered such evidence" when it granted the petitions, we note that the petition was not offered into evidence at the hearing on the petition. The petition asserts that the depositions are "necessary for the naming of all necessary, proper[,] and indispensable parties;" that Salinas "cannot ascertain that all of the above named deponents would be available for trial at a future date and it is thus necessary to perpetuate their testimony;" and that the depositions "may prevent a failure or delay of justice in the anticipated suit." The petition does not otherwise contain any allegations regarding why the depositions would prevent a failure or delay of justice in an anticipated suit or why the likely benefit of the depositions outweighs their burden or expense. *See* TEX. R. CIV. P. 202.1, 202.4.

The Dallas, Tyler, and Amarillo courts of appeals have rejected Salinas's assertion that a verified petition constitutes competent evidence in support of a presuit deposition. *See, e.g., In re Dallas Cnty. Hosp. Dist.*, 2014 WL 1407415, at *2; *In re Noriega*, 2014 WL 1415109, at *2; *In re Contractor's Supplies, Inc.*, 2009 WL 2488374, at *5; *In re Rockafellow*, 2011 WL 2848638, at *4. We need not reach that issue here, however,

---

[6] In an earlier case, the Dallas Court of Appeals appeared to leave open the possibility that a verified pleading offered into evidence could satisfy a petitioner's evidentiary burden in a Rule 202 hearing. *See In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) ("However, no evidence was presented to the trial court at the hearing on the motion and Davaco did not formally offer or admit its verified pleading at the hearing. It was an abuse of discretion for the trial court to find that the likely benefit outweighed the burden of the deposition when Davaco failed to provide any evidence on which the court could have made such finding.").

12

because the verified petition did not contain sufficiently detailed recitations to satisfy the burden of proof. The petition is vague and conclusory insofar as it merely tracks the language of the statute and does not include any explanatory facts regarding why allowing the depositions would prevent an alleged failure or delay of justice in an anticipated suit, or why the benefit of allowing the depositions outweighs the burden or expense of the procedure. A petition that merely tracks the language of Rule 202 in averring the necessity of a presuit deposition, without including any explanatory facts, is insufficient to meet the petitioner's burden. *See In re Does*, 337 S.W.3d at 865 (noting that the petitioner "made no effort to present the trial court with a basis for the [Rule 202] findings" where the allegations in its petition and motion to compel were "sketchy"); *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d at 173 (stating that the petition must do more reiterate the language of the rule and must include explanatory facts). It is not sufficient to articulate a "vague notion" that evidence will become unavailable by the passing of time without producing evidence to support such a claim. *See In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d at 795–796; *see also In re Dallas Cnty. Hosp. Dist.*, 2014 WL 1407415, at *2. It is likewise insufficient to state that the depositions are necessary in order to identify the required and correct parties without further explanation and evidence. *Cf. In re Hochheim Praire Farm Mut. Ins. Ass'n.*, 115 S.W.3d at 795–96.[7]

Having concluded that Salinas failed to meet her burden under Rule 202 to obtain the presuit depositions, we sustain relators' first two issues. Thus, we need not address relators' third issue. *See* TEX. R. APP. P. 47.1, 47.4.

---

[7] We further note that counsel for relators asserted at the hearing that Mike East, Alice East, and Lisa East owned the ranch at issue and they were "not disputing who the owners are."

13

## V. CONCLUSION

The trial court's order of May 30, 2014 granting Salinas's petition for presuit depositions constituted an abuse of discretion because Salinas failed to meet the requirements of Texas Rule of Civil Procedure 202. *See* TEX. R. APP. P. 202; *In re Hewlett Packard*, 212 S.W.3d at 363–64. Moreover, relators lack an adequate remedy by appeal. *See In re Wolfe*, 341 S.W.3d at 933. Thus, the Court, having examined and fully considered the petition for writ of mandamus and the response, is of the opinion that relators have met their burden to obtain mandamus relief. *See id.* Accordingly, we lift the stay that was previously imposed in this cause. We conditionally grant relators' petition for writ of mandamus. We are confident that the trial court will withdraw its order. The writ will issue only if the trial court fails to comply with this opinion.

_____
GINA M. BENAVIDES,
JUSTICE

Delivered and filed the
22nd day of August, 2014.