**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed August 21, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00106-CV

---

## IN RE OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF TEXAS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**200th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-004200**

---

## MAJORITY OPINION

This mandamus proceeding presents similar issues as *In re Office of Attorney General*, -- S.W.3d --, 2025 WL 2204075, at *1 (Tex. App.—15th Dist. Aug. 4, 2025, orig. proceeding). The Office of the Attorney General complains that the trial court abused its discretion by denying a Rule 202 pre-suit deposition to investigate a possible corporate violation of state law by a non-governmental organization (NGO). Informed by our recent decision involving another NGO, we

also conclude here that the trial court did not abuse its discretion based on the evidentiary record before it and therefore deny relief. *See id.* at *3–5.

## BACKGROUND

The OAG's Rule 202 petition asserts that on December 14, 2022, Texas Governor Greg Abbott sent a letter to Texas Attorney General Ken Paxton citing "recent reports that non-governmental organizations (NGOs) may have assisted with illegal border crossings," and calling on him "to initiate an investigation into the role of NGOs in planning and facilitating the illegal transportation of illegal immigrants across our borders." One NGO that the OAG seeks to investigate is the real party in interest, Team Brownsville, Inc. (TBI). TBI is an NGO that provides humanitarian services to asylum-seekers in Brownsville, Texas, as well as those waiting in Mexico.

The OAG first sent a Request to Examine, seeking certain categories of documents, and TBI provided documents in response. The OAG then served a "Notice of Demand for Sworn Statement" on June 14, 2024, directing TBI to designate a corporate representative to testify under oath on certain topics regarding its processes and procedures for providing assistance to other NGOs, for providing assistance to immigrants, and for submitting requests to local, state, and federal government for reimbursement, including the Federal Emergency Food and Shelter Program applications. TBI retained counsel and asked for an extension to designate a representative twice.

The OAG then filed a Rule 202 petition on July 8, 2024, in Travis County. The petition alleges that TBI has used funds it received as grants for

"unauthorized, and potentially illegal, practices." More specifically, the OAG alleges TBI is potentially violating Texas Penal Code, Sections 37.10 (tampering with a governmental record), 37.101 (fraudulent filing of financial statement), and 31.03 (theft). Such violations, according the petition, would give the OAG the right to seek forfeiture of TBI's corporate charter.

After an evidentiary hearing, the trial court denied the petition. The OAG challenged that denial by filing this mandamus proceeding.

## DISCUSSION

The OAG first argues that, as a matter of law, it is always entitled to a pre-suit deposition of a corporate entity because of its visitorial power to oversee corporations operating in Texas. *See* Tex. Const. art. IV, § 22; Tex. Bus. Org. Code §§ 12.152–.153. For the reasons explained in *In re Office of the Attorney General*, we disagree the Attorney General's visitorial rights give him the automatic right to a pre-suit deposition. 2025 WL 2204075 at *2–3.

The OAG also argues that the trial court abused its discretion because the evidence showed the likely benefit of the pre-suit deposition outweighed the burden. *See* Tex. R. Civ. P. 202.4(a)(2). "Rule 202 depositions are not meant to be routine." *In re Office of the Attorney General*, 2025 WL 2204075 at *3. As recognized by the Texas Supreme Court, "[t]here are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008). "[I]ntrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly," and judges should maintain "active oversight" to ensure the Rule is

3

not misused.  *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011).  In short, "Rule 202 is not a license for forced interrogations," *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011), regardless of whether the party seeking the Rule 202 deposition is a private party or the government.

Consistent with a trial court's "active oversight" of a request to take a pre-suit deposition, the Rule 202 inquiry is evidentiary in nature.  It is the petitioner's burden to introduce evidence that the requirements of Rule 202 are met.  Tex. R. Civ. P. 202.4(a).[1]  Here, the OAG, as petitioner, was required to introduce evidence to support a finding that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure."  *Id.* R. 202.4(a)(2).  It did not meet its burden and, as a result, we cannot conclude that the trial court abused its discretion based on the record before it.

---

[1]Numerous Texas appellate courts have recognized the petitioner has the burden to introduce evidence to support a Rule 202 petition.  *See In re Hunt*, No. 06–24–00070–CV, 2024 WL 5132167, at *4–6 (Tex. App.—Texarkana Dec. 17, 2024, orig. proceeding) (mem. op.); *Gordon Ind. Sch. Dist. v, Hinkson*, 661 S.W.3d 922, 928 (Tex. App.—Eastland 2023, no pet.); *In re Josefsberg*, No. 01–22–00604–CV, 2022 WL 17981852, at *3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, orig. proceeding) (mem. op.); *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 854 (Tex. App.—Fort Worth 2018, no pet.); *In re Global Experience Specialists, Inc.*, No. 05–18–01382–CV, 2018 WL 6167838, at *1 (Tex. App.—Dallas Nov. 26, 2018, orig. proceeding) (mem. op.); *In re INVISTA S.a.r.l*, No. 09–18–00351–CV, 2018 WL 5660157, at *4 (Tex. App.—Beaumont 2018, Nov. 1, 2018, orig. proceeding) (mem. op.); *In re Pickrell*, No. 10–17–00091–CV, 2017 WL 1452851, at *4 (Tex. App.—Waco Dec. 21, 2018, orig. proceeding) (mem. op.); *In re City of Tatum*, 567 S.W.3d 800, 805 (Tex. App.—Tyler 2018, orig. proceeding); *In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) *In re Legate*, No. 04–10–00874–CV, 2011 WL 4828192, at *2 (Tex. App.—San Antonio Oct. 12, 2011, orig. proceeding) (mem. op.).

The only three exhibits that were admitted at the hearing were printouts and excerpts of publicly-available governmental publications that related to FEMA's Emergency Food and Shelter Program (EFSP), which is a federal program that distributes humanitarian funds. Based on the thin record before the trial court, we cannot say the OAG met its burden of proof to demonstrate that the benefits of forcing a pre-suit deposition outweigh the burdens to TBI.

Nevertheless, the OAG argues it was error for the trial court to exclude three exhibits. Two of those exhibits were printouts from USAspending.gov and another was purportedly a copy of TBI's bank statements that the OAG obtained by subpoenaing TBI's bank. Even assuming without deciding that the trial court abused its discretion in excluding these exhibits, their admission would not change our conclusion. At most, the website printouts indicate TBI had the right to receive funding. And TBI's bank statements show its transaction activity. But the OAG had no sponsoring witness for these exhibits to explain their significance to the trial court, even if they had been admitted. Arguments of counsel are not evidence. *In re East*, 476 S.W.3d 61, 68 (Tex. App—Corpus Christi–Edinburg 2014, orig. proceeding).

The dissenting opinion continues with its theme from a prior dissent that if the Governor issues a disaster declaration—whether that declaration is before the trial court or not—then courts must grant all deposition requests under Rule 202 unless the non-movant shows it is "outweighed by some equally extraordinary

burden." *See* Dissenting Op. at p. 4.[2] Our procedural rules and the protection they provide from the government do not disappear simply because the government declares an emergency. The response of various governmental entities throughout the country to COVID-19 should have taught us that lesson. *See, e.g., Nat'l Fed. Of Indep. Bus. v. Dep't of Labor*, 595 U.S 109, 118 (2022) (pandemic not justification for Department of Labor's emergency rule mandating vaccines); *State v. Hollins*, 620 S.W.3d 400, 407 (Tex. 2020) (refusing to allow pandemic as justification for mass mailing of unsolicited ballots from county clerk). The Governor instructed the OAG to investigate NGOs but he did not suggest that the rules applicable to such investigations should not apply.

The dissent also takes issue with the proposition that a hearing on a request for a Rule 202 deposition is evidentiary, contending that all exhibits filed by the OAG in the clerk's record must be considered by the trial court. The dissent is correct that Rule 202 does not say such evidence cannot be considered, but courts in Texas that have considered the question are unanimous in holding that facts in a verified Rule 202 petition cannot be considered as evidence. *Arlington Indep. Sch. Dist. v. Williams*, Nos. 02–23–00142–CV, 02–23–00155-CV, 2023 WL 8643040, at *11 (Tex. App.—Fort Worth Dec. 14, 2023, orig. proceeding) (mem. op.); *In re Krause Landscape Contractors, Inc.*, 595 S.W.3d 831, 838 (Tex. App—Amarillo 2020, orig. proceeding); *In re City of Tatum*, 567 S.W.3d 800, 805 (Tex. App.— Tyler 2018, orig. proceeding); *In re Pickrell*, No. 10–17–00091–CV, 2017 WL

---

[2] The dissent suggests our opinion creates a new evidentiary requirement that Rule 202 does not mention but fails to recognize that Rule 202 also does not suggest shifting the burden of proof to the non-movant to demonstrate anything, including the burden of the deposition.

1452851, at *4 (Tex. App.—Waco Dec. 21, 2018, orig. proceeding) (mem. op.); *In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi-Edinburg 2014, orig. proceeding); *In re Dallas Hosp. Dist.*, No. 05–14–00249–CV, 2014 WL 1407415, at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (concluding that sworn, verified pleadings are not competent evidence to prove facts pleaded).[3] If a court wishes to go a different way and create a different rule, it should be the Texas Supreme Court, not this Court.

Lastly, the dissent uses "evidence" it believes was part of the evidentiary record—even though the trial court did not admit it—to note this "evidence" showed TBI transferred money to Mexico from an account that also held federal funds, a prohibited transaction.[4] If there is truly "evidence" of that fact in the OAG's possession, as the dissent suggests, then the OAG appears to have enough evidence to go forward with its quo warranto lawsuit against TBI, undercutting the supposedly overwhelming benefit of taking the deposition the dissent espouses.

---

[3] The dissent contends that the OAG's evidence is different than evidence attached to a verified petition because the OAG filed its exhibits two days prior to the hearing. The dissent's view of evidence would effectively force a trial court to comb its docket pre-hearing to see if a party filed any exhibits and to consider them regardless of admissibility, rather than relying on a party to offer its exhibits at the hearing and obtain a ruling. The record shows the OAG offered its exhibits at the hearing, TBI exercised its right to object to the OAG's offered evidence, and the trial court ruled on their admissibility, which is proper procedurally. The filing of an exhibit before a hearing does not make it part of the evidentiary record before the trial court.

[4] As explained above, even if the bank statements were properly admitted, those statements only showed TBI's transaction activity. The OAG argued this was evidence TBI illegally transferred money received from the EFSP to NGOs in Mexico. The TBI attorney argued the federal money TBI received was for reimbursement—i.e., money already spent—and that TBI has not drawn on any of the EFSP grant money. Again, these are attorney arguments that cannot be considered as evidence.

7

*See Paxton v. Annunciation House, Inc.*, --S.W.3d.--, 2025 WL 1536224, at \*14–15 (Tex. May 30, 2025) (explaining deferential standard for granting attorney general leave to file quo warranto action). Rule 202 is not intended as a vehicle to probe facts for the sake of probing. The OAG has the right to fully investigate TBI using all the tools in its toolbox, be it a Rule 202 deposition or a lawsuit, so long as the requisite procedures are followed.

The OAG failed to meet its burden of showing the benefit of a pre-suit deposition outweighs the burden to TBI. Accordingly, we deny the OAG's request for mandamus relief.

/s/Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris. (Brister, C.J. dissenting).