

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00055-CV

_____

MCR OIL TOOLS, LLC, Appellant

V.

CRAIG D. DILLARD, Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-351981-24

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

To investigate a potential claim or suit, Appellant MCR Oil Tools, LLC filed a Rule 202 petition and requested to take a pre-suit deposition of Appellee Craig D. Dillard. *See* Tex. R. Civ. P. 202.1(b). In separate filings, Dillard responded to MCR's Rule 202 petition and then moved to dismiss the petition under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The trial court signed separate orders denying MCR's petition because it had failed to comply with Rule 202 and granting Dillard's TCPA motion to dismiss.

On appeal, MCR raises four issues. The first three issues challenge the trial court's order granting Dillard's TCPA motion to dismiss, and the fourth issue contends that MCR complied with Rule 202's pleading and proof requirements. *See* Tex. R. Civ. P. 202.1(b), 202.4(a)(2).

Because the TCPA cannot be used to dismiss a Rule 202 petition, the trial court erred by granting Dillard's TCPA motion to dismiss. But, because MCR failed to comply with Rule 202's burden to both plead and prove its entitlement to a pre-suit deposition, the trial court did not abuse its discretion by denying the petition.

We will reverse in part and affirm in part.

## II. FACTUAL AND PROCEDURAL BACKGROUND

MCR manufactures and sells oilfield tools for wells and rigs all over the world. Because of the potentially explosive nature of MCR's products—many of its tools are

2

composed of an incendiary material called thermite—they are subject to governmental oversight by regulatory agencies. Among others, MCR's tools are regulated by the U.S. Department of Transportation's Pipeline and Hazardous Materials Safety Administration (PHSMA)—the agency primarily responsible for regulating the safe transport of explosive and flammable substances.

Dillard, an attorney, represented three of MCR's former licensees in various suits against MCR, and two of the suits remain pending. A central issue in those suits involves the classification of MCR's tools and thermite mix as non-explosive. MCR maintains that—even though they are classified as "flammable solids"—its tools are non-explosive.

In December 2021, Dillard sent a letter to PHSMA, alerting the agency to MCR's "potential misclassification of [its] tools and thermite mix as non-explosive."[1] Upon discovering Dillard's letter in January 2024, MCR complained that his letter was "outlandish and grossly defamatory" and that such false accusations had caused significant damage to MCR. While Dillard's letter "did not purport to be sent on

---

[1] The classification of MCR's tools is of consequence because "no person can offer for transportation or transport an explosive unless it has been tested, classed and approved" by PHMSA's Associate Administrator for Hazardous Materials Safety. *See* 49 C.F.R. § 173.51.

behalf of any person or entity other than Dillard himself," MCR was convinced that one of his clients—one of its former licensees—was behind the letter to PHSMA.[2]

MCR filed a petition under Rule 202 of the Texas Rules of Civil Procedure, requesting Dillard's pre-suit deposition to "investigate a potential claim or suit" against the entities on whose behalf MCR believed Dillard had sent the letter. In separate filings, Dillard responded to MCR's Rule 202 petition—arguing that the petition "contain[ed] bare, conclusory, and substantively insufficient allegations"— and moved to dismiss the petition under the TCPA.[3]

The trial court heard argument on MCR's petition and Dillard's motion, but MCR did not present any evidence. Following the hearing, the trial court signed an order denying MCR's Rule 202 petition and finding that MCR had "failed to comply with and to meet its burden under Texas Rule of Civil Procedure 202 and that the [p]etition therefore should be [denied] and [dismissed]." The trial court also signed a separate order granting Dillard's TCPA motion to dismiss. As the prevailing party on his TCPA motion to dismiss, Dillard filed a motion requesting attorneys' fees, and the

---

[2]MCR asserted that Dillard's letter was a pretext for its former licensees to (1) rely on the "bogus theory" that the tools are explosive, (2) claim that the license agreements are void, and (3) avoid their obligations under the license agreements.

[3]Dillard contended that MCR's Rule 202 petition was a legal action based on, related to, or in response to his rights protected under the TCPA. Specifically, Dillard claimed that the petition was based on the exercise of his right to free speech and that the TCPA applied because "operational and safety issues relating to the oil and gas industry are matters of public concern."

trial court signed an order granting his motion and awarding $28,684.05 in attorneys' fees. MCR filed this appeal.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a Rule 202 petition under an abuse-of-discretion standard. *See In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding).

A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But no abuse of discretion occurs when the trial court decides based on conflicting evidence, so long as some substantive and probative evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g).

5

## IV. DISCUSSION

### A. RULE 202 AND THE TCPA

In its first issue, MCR argues that the trial court erred by granting Dillard's TCPA motion to dismiss because the TCPA cannot be used to dismiss a Rule 202 petition. We agree.

The TCPA only applies to certain legal actions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6)(A)–(C). A party seeking to invoke the TCPA's protections, must show by a preponderance of the evidence that the action is a "legal action" under the statute and is based on, relates to, or is in response to the party's exercise of the rights to free speech, of association, and to petition. *In re Lipsky*, 460 S.W.3d 579, 586–87 (Tex. 2015) (orig. proceeding).

We recently held in *Montoya Frazier v. Maxwell* that Rule 202 petitions are not legal actions, and thus, the TCPA cannot be used to dismiss a Rule 202 petition. No. 02-23-00103-CV, 2025 WL 494699, at *28 (Tex. App.—Fort Worth Feb. 13, 2025, pet. filed) (en banc) (explaining that Rule 202 is pre-suit while the TCPA is deployed only after a suit has been filed). "A Rule 202 petition is merely a restricted method for permission to gather evidence, ending in a pre[-]suit deposition order that might—or might not—someday lead to a lawsuit's filing." *Id.* (citing Tex. R. Civ. P. 202.4(b)).

The scope of Dillard's motion to dismiss MCR's Rule 202 petition was limited to the TCPA, and the trial court granted his motion.[4]  Because the TCPA cannot be used to dismiss a Rule 202 petition, we hold that the trial court erred by granting Dillard's TCPA motion to dismiss.[5]  *See id.*

We sustain MCR's first issue.[6]

## B. MCR'S RULE 202 PLEADING AND PROOF

In its fourth issue, MCR maintains that it satisfied its burdens to plead and prove that the benefit of deposing Dillard was outweighed by its burden.  We disagree.

Rule 202 authorizes pre-suit depositions in two circumstances:  (1) "to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or (2) "to investigate a potential claim or suit."  Tex. R. Civ. P. 202.1; *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 853 (Tex. App.—Fort Worth 2018, no pet.), *overruled in part on other grounds by Montoya Frazier*, 2025 WL

---

[4]When the trial court granted Dillard's TCPA motion to dismiss on July 18, 2024, it did not have the benefit of *Montoya Frazier*.  The trial court granted Dillard's request for attorneys' fees on January 21, 2025, and MCR filed its notice of appeal on February 7, 2025. We handed down *Montoya Frazier* on February 13, 2025.  *Id.*

[5]Without conceding the correctness of our holding in *Montoya Frazier*, Dillard acknowledges that, under the current precedent, "MCR's petition did not trigger the TCPA."  *See id.*

[6]Having sustained MCR's first issue, we do not reach its second or third issues, which further challenge Dillard's TCPA motion to dismiss on other grounds.

7

494699, at *28. But, as the Texas Supreme Court has pointed out, "[t]he intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *Does*, 337 S.W.3d at 865. "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). The supreme court has further cautioned that courts must "strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (quoting Tex. R. Civ. P. 202.5).

The part of Rule 202 relevant to this appeal—allowing a pre-suit deposition to "investigate a potential claim or suit"—requires the petitioner to "both plead and prove" that the "likely benefit" of the requested pre-suit deposition "outweighs the burden or expense" of it. Tex. R. Civ. P. 202.1(b), 202.4(a)(2); *In re Kaddatz*, No. 02-23-00336-CV, 2023 WL 7210337, at *4 (Tex. App.—Fort Worth Nov. 2, 2023, orig. proceeding) (mem. op.).

### 1. MCR's Rule 202 Petition

### a. Applicable Law

As noted above, to investigate a potential claim or suit through a pre-suit deposition, Rule 202 requires a petitioner to plead that the likely benefit of allowing it to take the requested deposition outweighs its burden or expense. *Arlington Indep. Sch.*

8

*Dist. v. Williams*, No. 02-23-00142-CV, 2023 WL 8643040, at \*11 (Tex. App.—Fort Worth Dec. 14, 2023, no pet.) (mem. op.); Tex. R. Civ. P. 202.4(a)(2).

To meet this burden, a petitioner *must explain* why the benefit outweighs the burden. *Kaddatz*, 2023 WL 7210337, at \*4. A petition that "merely tracks the language of Rule 202 in averring the necessity of a pre-suit deposition, without including any explanatory facts," will not suffice to meet the petitioner's burden. *DeAngelis*, 556 S.W.3d at 856 (quoting *In re East*, 476 S.W.3d 61, 69 (Tex. App.— Corpus Christi–Edinburg 2014, orig. proceeding)). Nor can a petitioner justify the pre-suit deposition on the ground that it is "necessary in order to identify" potential defendants. *East*, 476 S.W.3d at 69. "Merely stating that the discovery is necessary to identify 'the required and correct parties without further explanation and evidence,' is also insufficient to support a request for pre-suit discovery." *DeAngelis*, 556 S.W.3d at 856 (quoting *East*, 476 S.W.3d at 69).

### b. Failure to Plead

The portion of MCR's petition devoted to pleading the benefit and burden of Dillard's pre-suit deposition consisted of the following:

> 36. The benefit of allowing Petitioner to seek the pre-suit discovery referenced herein to investigate a potential claim or suit vastly outweighs the burden or expense of the procedure, because at this time MCR does not have possession of certain information that will greatly promote the efficient use of judicial resources in the anticipated suit, including the identity of the persons or entities on whose behalf Dillard is acting, the motivations of such persons or entities, and the full extent of their wrongful conduct. This will guide which parties and claims are included

in the anticipated suit.[7]  In addition, it would be preferable and efficient to avoid litigation directly involving attorneys or law firms, if possible, to the extent such attorneys and firms are acting as counsel within the boundaries of a litigation representation.

37.  Without the information sought in this petition, MCR would be forced to litigate directly against Dillard and/or his law firms without understanding the identity of the parties backing Dillard's efforts, and the purposes of the parties backing Dillard's efforts.  This would, in turn, cause tremendous judicial waste and inefficiencies because litigation would commence, and only after discovery begins would MCR fully understand the full scope and nature of the necessary parties and claims. A pre-suit deposition of Dillard should be authorized under Rule 202 so that MCR may precisely ascertain the proper claims to be brought, and the proper parties against whom the claims should be asserted.

MCR certainly articulated the potential benefit it may enjoy from a pre-suit deposition.  However, the same cannot be said for an explanation of the burden it would impose upon Dillard.  MCR claimed that the benefit "vastly outweighs the burden or expense of the procedure," yet it failed to explain how so.  Rather, MCR merely tracked the language of Rule 202 without including any explanatory facts.

MCR reasoned that it "does not have possession of certain information that will greatly promote efficient use of judicial resources in an anticipated suit" and that

---

[7]MCR conflates Rule 202.1(a) and (b), making it unclear at first blush whether MCR seeks Dillard's pre-suit deposition for an "anticipated suit" under Rule 202.1(a) or to investigate a "potential claim or suit" under Rule 202.1(b). *See* Tex. R. Civ. P. 202.1(a), (b).  But, because MCR specifically stated in its petition that it sought relief under Rule 202.1(b), and because it stated the same to the trial court at the hearing, we construe Rule 202.1(b) as the basis for MCR's request. *See In re City of Tatum*, 578 S.W.3d 203, 210 (Tex. App.—Tyler 2019, orig. proceeding) (mem. op.) (determining that, although the petitioner "intermingl[ed] . . . the two grounds set forth in Rule 202.1," it sought relief under Rule 202.1(b) because that is the grounds the petitioner raised in the trial court).

10

the pre-suit deposition is necessary so that "MCR may precisely ascertain the proper claims to be brought, and the proper parties against whom the claims should be asserted."

But "the benefit of a Rule 202 petitioner's determining whether [it] has a legitimate claim does not alone suffice to outweigh the burden on a potential deponent." *Williams*, 2023 WL 8643040, at *13. Likewise, a Rule 202 pre-suit deposition is not available simply to identify potential defendants, "without further explanation and evidence." *DeAngelis*, 556 S.W.3d at 856; *see also East*, 476 S.W.3d at 69 (vacating an order granting a pre-suit deposition when the petition alleged that the requested depositions were necessary for the naming of all necessary, proper, and indispensable parties).

MCR's pleading proffers a conclusory statement without explaining how the pre-suit deposition's benefit outweighs its burden or expense. *See* Tex. R. Civ. P. 202.1, 202.4. Although it is laudable that MCR seeks to avoid "judicial waste and inefficiencies," it must explain how the benefit of the pre-suit deposition so outweighs the burden—which the pleading does not do *See Kaddatz*, 2023 WL 7210337, at *5. Rather, the pleading simply echoes Rule 202 without attempting to explain or analyze the burden the pre-suit deposition would impose on Dillard, let alone explain why the burden is outweighed by the benefit.

Accordingly, we conclude that MCR failed to plead why the pre-suit deposition's benefit outweighed its burden. *See id.* at *4.

## 2. MCR's Rule 202 Evidence

Even if MCR had satisfied its pleading burden, it also failed to satisfy its burden of proof that the pre-suit deposition's benefit outweighed its burden. *See* Tex. R. Civ. P. 202.1(b), 202.4(a)(2).

### a. Applicable Law

A Rule 202 petitioner "must present evidence" to support a finding that the requested deposition's likely benefit outweighs its burden. *Kaddatz*, 2023 WL 7210337, at *4; *In re Acclarent, Inc.*, No. 02-24-00228-CV, 2024 WL 2873617, at *3 (Tex. App.—Fort Worth June 7, 2024, orig. proceeding) (mem. op.) (stating that a Rule 202 petitioner "must present evidence establishing the facts necessary to obtain such discovery"). "It is an abuse of discretion for a trial court to find that the likely benefit of a Rule 202 deposition outweighs the burden of the deposition when the party seeking the deposition fails to provide any evidence on which the court could have based such a finding." *In re Paloma Creek Homeowners Ass'n*, No. 02-24-00523-CV, 2025 WL 52129, at *4 (Tex. App.—Fort Worth Jan. 9, 2025, orig. proceeding) (mem. op.) (reversing an order granting a Rule 202 deposition when no evidence supported it). "And, because pleadings—even if sworn or verified—are not generally considered competent evidence," a Rule 202 petitioner "cannot rely upon a verified pleading to meet its burden of proving the facts asserted in its petition." *Kaddatz*, 2023 WL 7210337, at *4. Nor can a petitioner rely on documents attached to its verified petition; to be considered, those documents must be introduced into evidence at the

12

hearing. *See In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at \*1 (Tex. App.—

Dallas July 26, 2013, orig. proceeding) (mem. op.) (holding that trial court abused its

discretion by ordering pre-suit deposition when no evidence was presented to the trial

court, and party seeking Rule 202 deposition did not formally offer or admit its

verified pleading, at the hearing).

### b. Failure to Present Evidence

At the hearing, MCR's argument rested on (1) its petition and (2) Dillard's 2021

letter to PHSMA, which was attached to the petition. But, neither MCR's petition nor

Dillard's letter were admitted into evidence, and MCR did not present any witness

testimony. In fact, MCR concedes that "there was no evidence put on at the hearing

in front of the trial court on MCR's Rule 202 petition."

But, even if MCR's petition or Dillard's letter had been admitted into evidence,

we fail to see how either the petition or letter is evidence that the likely benefit of

deposing Dillard outweighs the burden or expense of the procedure. First, as we held

above, MCR's petition failed to plead how the pre-suit deposition's benefit outweighs

its burden.[8] Moreover, the assertions found in MCR's pleading are not "evidence"

---

[8]The fact that there is pending litigation involving the parties and similar
allegations suggests that the requested pre-suit deposition is unnecessary because
MCR has already investigated its potential claims, or, alternatively, that the discovery
at issue could occur in the ongoing litigation. *See Wolfe*, 341 S.W.3d at 933; *DeAngelis*,
556 S.W.3d at 857; *see also In re Hanover Ins.*, No. 01-13-01066-CV, 2014 WL 7474203,
at \*3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, orig. proceeding) (mem. op.)
("KAI is already a party in the underlying litigation, and the Texas Rules of Civil
Procedure provide a mechanism by which a party in KAI's position may obtain

13

and do not "establish the facts necessary to obtain the deposition." *See East*, 476 S.W.3d at 68. Second, Dillard's letter—although it may serve as evidence of MCR's potential claim—has little to no bearing on the benefit-burden analysis applicable to a pre-suit deposition. *See* Tex. R. Civ. P. 202.4(a)(2); *Jorden*, 249 S.W.3d at 423.

We conclude that MCR failed to present evidence to support a finding that the requested pre-suit deposition's likely benefit outweighs its burden.[9] *Kaddatz*, 2023 WL 7210337, at *4. Accordingly, because MCR failed to plead and prove why the pre-suit deposition's benefit outweighed its burden, we hold that the trial court did not abuse its discretion by denying MCR's Rule 202 petition.

We overrule MCR's fourth issue.

---

discovery from a third party like Hanover."). MCR could seek Dillard's third-party deposition in the pending litigation, thus rendering a pre-suit deposition unnecessary. Put another way, MCR's access to alternative investigative tools—i.e., third-party discovery in the ordinary course—reveals the illusory nature of MCR's asserted necessity of and benefit from his pre-suit deposition. *See, e.g.*, *Kaddatz*, 2023 WL 7210337, at *9 (reasoning that the trial court abused its discretion in ordering a pre-suit deposition when petitioner had access to third-party discovery in a separate lawsuit).

[9] MCR asserts that the trial court's separate order denying its petition was not based on its failure to comply with Rule 202 but that "[t]he trial court did not properly consider MCR's evidence in support of its petition because it was preoccupied with the TCPA motion." Under the state of this record, we cannot reach such a conclusion.

14

## V. CONCLUSION

Having sustained MCR's first issue, we reverse the trial court's order granting Dillard's TCPA motion to dismiss, including the trial court's order granting Dillard's request for attorneys' fees. Having overruled MCR's fourth issue, we affirm the trial court's order denying MCR's Rule 202 petition. *See* R. App. P. 43.2(a), (c).

/s/ Brian Walker

Brian Walker
Justice

Delivered: October 9, 2025